IN RE ESTATE OF HERMAN J. SEIDLER, DECEASED.
JAMES E. ACKERMAN, APPELLANT, V. GLORIA J. TOEDTLI,
PERSONAL REPRESENTATIVE OF THE ESTATE OF HERMAN J.
SEIDLER, DECEASED, APPELLEE.
490 N.W.2d 453

Filed September 4, 1992.    Nos. S-89-1180, S-89-1181.

Robert M. Harris and Randall L. Lippstreu, of Harris & Lippstreu, for appellant.

Alan Curtiss and, on brief, Harry R. Meister, of Meister & Segrist, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

This opinion involves two appeals which were consolidated for argument in this court. A notice of appeal in each case was filed on September 11, 1989.

In case No. S-89-1181, James E. Ackerman, a grandson of the decedent herein, in sum, appeals the affirmation by the district court for Box Butte County of the county court's (l) nunc pro tunc ruling admitting to probate a March 14, 1980, will and a January 12, 1985, codicil to that will, both of which

undisputedly had been executed by the decedent, Herman J. Seidler, and (2) dismissal of the grandson's 1988 petition for formal probate of Seidler's 1980 will without the 1985 codicil.

In case No. S-89-1180, Ackerman, in sum, appeals the district court's affirmation of the Box Butte County Court's (1) denial of the grandson's motion to vacate the county court's order admitting to probate Seidler's 1985 codicil, (2) denial of the grandson's motion to vacate its order admitting to probate Seidler's 1985 codicil, and (3) denial of the grandson's motion to remove his mother, Gloria J. Toedtli, as personal representative of Seidler's estate.

These appeals come to us in a procedural morass. Nevertheless, we will review the probate proceedings for error appearing on the record. See *In re Estate of Snover*, 233 Neb. 198, 443 N.W.2d 894 (1989).

When he died, Seidler owned land in Sheridan County, Nebraska, of which 640 acres were meadowland and 2,140 acres were rangeland.

It is undisputed that Seidler executed a will on March 14, 1980. He left all of his estate in equal shares to his daughter, Gloria Toedtli, and to his five grandchildren: the appellant, James Ackerman; Herman Ackerman; Polly Ackerman; Jeremy Toedtli; and Hank Toedtli.

On January 12, 1985, Seidler executed a codicil to his 1980 will. In the codicil he provided that his daughter would receive a life interest in the estate pursuant to a testamentary trust and that his five grandchildren would each receive an equal interest in the remainder.

Seidler died February 13, 1986, at the age of 89. It developed that he left an estate valued at $266,647.24. On November 19, 1986, Gloria Toedtli filed a petition in the Box Butte county court to admit Seidler's *1980 will and his 1985 codicil* to probate and to appoint her as personal representative of Seidler's estate. Attached to the petition was a copy of Seidler's 1980 will and the original of the 1985 codicil. The petition alleged that the original will had been lost. According to an affidavit of Toedtli's attorney, filed with the county court on December 11, 1986, notice of the probate hearing scheduled to be held on December 15, 1986, was sent on December 1, 1986, to all

interested parties, including Seidler's five grandchildren and specifically including the appellant. The notice of probate was published in The Alliance Daily Times-Herald, a legal daily newspaper, on November 26, December 6, and December 10, 1986. The record reflects that at the time the notice was mailed to Ackerman, he lived at Long Lake Route, Alliance, Nebraska 69301.

The notice stated:

"Estate of Herman J. Seidler, deceased. Notice is hereby given that a Petition for Formal Probate of *Will* of said deceased, Determination of Heirs, and Appointment of Gloria J. Toedtli as Personal Representative has been filed and is set for hearing in the Box Butte County, Nebraska Court on December 15, 1986 at 10:00 o'clock a.m."

(Emphasis supplied.)

At the December 15 hearing in county court, it was determined that the original of the 1980 will could not be found. One of the signatory witnesses to the original will identified a copy as being the will executed by Seidler in 1980.

There was no opposition to the petition at the December 15, 1986, hearing. The county court admitted to probate the copy of the 1980 will as Seidler's will and the 1985 codicil to the 1980 will. Toedtli was appointed personal representative. Letters naming Toedtli as personal representative were issued January 12, 1987. The letters recited, in part, that

on December 15, 1986, Gloria J. Toedtli was appointed and qualified as Personal Representative of the above named Decedent [Seidler] by this Court or its Registrar, with all the authority granted to a personal representative by law;

NOW THEREFORE, these Letters are issued as evidence of such appointment and qualifications and authority of Gloria J. Toedtli to do and perform all acts which may be required by law.

The letters were signed by the Box Butte county judge and filed with the clerk of the county court on January 12, 1987. On November 8, 1988, nearly 2 years later, the appellant filed a petition in the Box Butte County Court for formal probate of Seidler's 1980 will, but *not* his 1985 codicil. Ackerman claimed

that he had never received a notice of probate concerning the decedent except for the petition for formal probate of the *will* filed by Toedtli and that no hearing was ever held, no findings ever made, and no order ever entered pursuant to the previously filed petition of Toedtli. The appellant claimed that the personal representative letters issued on January 12, 1987, were void because no order was ever entered appointing Toedtli as personal representative. Ackerman also claimed that the codicil dated January 12, 1985, was not valid because it was executed when Seidler was not of sound mind and memory and was under the undue influence of his daughter, Toedtli.

In his petition for the probate of Seidler's will, the appellant nominated himself as personal representative and claimed that the will executed on March 14, 1980, was the last will of Seidler.

Toedtli objected to the appellant's petition and alleged in her answer that the 1980 will and 1985 codicil *were* admitted into probate on December 15, 1986, but that the formal order of the court entered that day was inadvertently not journalized or presented to the court for signing and filing. Toedtli filed a motion for an order nunc pro tunc to correct the error and to journalize and file the order entered on December 15, 1986.

On January 11, 1989, the appellant moved the Box Butte County Court to remove his mother as personal representative of Seidler's estate—in the event that she was found to have been validly appointed pursuant to her petition—on the grounds of "failure to file an inventory within two months of her alleged appointment," as required by Neb. Rev. Stat. § 30-2467 (Reissue 1989), and her "failure to cause inheritance tax to be determined within twelve months of February 13, 1986 [the date of Seidler's death]," as required by Neb. Rev. Stat. § 77-2012 (Reissue 1990). We note that § 77-2012 does not require inheritance tax to be paid within 12 months of the death of a decedent, but Neb. Rev. Stat. § 77-2010 (Reissue 1990) does. We will assess the personal representative's acts in regard to inheritance tax under § 77-2010.

On February 17, 1989, after an evidentiary hearing, the county court dismissed the appellant's petition for formal probate of the 1980 will and sustained the motion for an order nunc pro tunc as requested by Toedtli. Following the hearing,

the appellant's motion to remove his mother as personal representative was taken under advisement. The nunc pro tunc order dated February 17, 1989, admitting the 1980 will and the 1985 codicil to formal probate was filed in the county court on March 6, 1989, and recites that *"this Order re[f]lects the findings and Order of the Court on December 15, 1986."* (Emphasis supplied.)

## APPEAL OF THE FEBRUARY 17, 1989, ORDER

In case No. S-89-1181, the appellant, on March 13, 1989, filed a notice of appeal to the district court regarding the February 17, 1989, county court order dismissing his petition and sustaining Toedtli's motion for an order nunc pro tunc. Because the Box Butte County Court reserved ruling on the removal of the personal representative, Ackerman's appeal was premature. When multiple issues are presented to a trial court for simultaneous disposition in the same proceeding and the court decides some of the issues, while reserving some issue or issues for later determination, the court's determination of less than all the issues is an interlocutory order and is not a final order for the purpose of an appeal. *Huffman v. Huffman*, 236 Neb. 101, 459 N.W.2d 215 (1990). Generally, appellate jurisdiction is limited to a review of final orders. See *In re Interest of J.M.N.*, 237 Neb. 116, 464 N.W.2d 811 (1991). Since there had been no final order in regard to all the issues submitted to the county court, Ackerman's appeal in case No. S-89-1181 was not properly before the district court and, therefore, is not properly before this court. A higher appellate court cannot obtain jurisdiction of an appeal when a district court, acting in its appellate capacity, fails to obtain jurisdiction of an appeal from a trial court. See *State v. Hunter*, 234 Neb. 567, 451 N.W.2d 922 (1990).

## MOTION TO VACATE THE
## DECEMBER 15, 1986, ORDER

In case No. S-89-1180, Ackerman filed a motion in the county court on March 27, 1989, to vacate its order of December 15, 1986, admitting Seidler's 1985 codicil to probate. The motion was timely, since the order admitting the codicil to probate was not final until it was journalized pursuant to the

nunc pro tunc order on February 17, 1989. A valid petition to vacate an order admitting a codicil to probate must be filed within 12 months after the *entry of the order* sought to be vacated. See Neb. Rev. Stat. § 30-2436(3)(iii) (Reissue 1989). Neb. Rev. Stat. § 30-2209(53) (Reissue 1989) defines a will to include a codicil. *Entry* of a *judgment* is the court clerk's act of spreading the proceedings had and the relief granted or denied on the journal of the court. Neb. Rev. Stat. § 25-1301(3) (Reissue 1989).

However, the motion to vacate was not valid. A formal testacy order is final as to all persons with respect to all issues concerning the decedent's estate that the court considered or might have considered incident to its rendition relevant to the question of whether the decedent left a valid will, and as to the determination of heirs. § 30-2436. The court shall entertain a petition for vacation of its order and probate of another will of the decedent if it is shown that the proponents of the later-offered will *were unaware of the earlier proceeding* and *were given no notice thereof* except by publication. § 30-2436(1). The same rule applies when the same will is offered for probate by a second proponent.

The record reflects that Ackerman not only received notice by publication, but that he received notice of the December 15, 1986, hearing by U.S. mail. Ackerman admitted that he was aware of the December 15, 1986, hearing. He argued in various motions and pleadings that he was not aware that the *codicil* was being offered for probate because the notice of the hearing revealed only that the *will* was being offered. This argument fails under scrutiny of statutory and constitutional requirements regarding notice and in light of the notices the appellant received.

By statutory definition, a

> [w]ill means any instrument, *including any codicil* or other testamentary instrument complying with sections 30-2326 to 30-2338, which disposes of personal or real property, appoints a personal representative, conservator, guardian, or trustee, revokes or revises an earlier executed testamentary instrument, or encompasses any one or more of such objects or purposes.

(Emphasis supplied.) § 30-2209(53). Clearly, a codicil is included in the definition of a will. The statutory requirements for notice of a formal testacy proceeding are that notice of the time and place of hearing of any *petition* is to be given to any interested person. Neb. Rev. Stat. §§ 30-2427 (Reissue 1985) and 30-2220 (Reissue 1989). "Notice shall be given to . . . heirs of the decedent, the devisees and executors named *in any will* that is being, or has been, probated, or offered for informal or formal probate in the county . . . ." (Emphasis supplied.) § 30-2427(a). There is no statutory requirement that the interested parties be notified as to the content or date of execution of the document or documents offered for probate. The statutory requirement is for notice that there is a petition to probate the estate. The notice herein was not statutorily insufficient.

Nor did the notice given fall short of constitutional due process requirements.

The criterion for a constitutionally sufficient notice is found in *Mullane v. Central Hanover Tr. Co.*, 339 U.S. 306, 314-15, 70 S. Ct. 652, 94 L. Ed. 865 (1950): "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is *notice reasonably calculated*, under all the circumstances, *to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections* . . . . The notice must be of such nature as reasonably to convey the required information . . . and it must afford a reasonable time for those interested to make their appearance . . . . But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met, the constitutional requirements are satisfied."

(Emphasis supplied.) *In re Appeal of Levos*, 214 Neb. 507, 511-12, 335 N.W.2d 262, 266 (1983).

Had the appellant exercised due diligence when he received notice of the hearing in regard to the probate of Seidler's will, at the very least he should have inquired as to his status as a beneficiary of the will for which he did receive notice. Upon inquiry, he would have learned of the existence of the codicil.

The appellant was given notice of the pendency of the action, and he was given the opportunity to present his objection at the December 15, 1986, court hearing. Whatever fairly puts a person on inquiry is sufficient notice, where the means of knowledge are at hand; and if he omits to inquire, he is then chargeable with all the facts which, by a proper inquiry, he might have ascertained. *League v. Vanice*, 221 Neb. 34, 374 N.W.2d 849 (1985). As the district court said in its decision on appeal, "The notice was sufficient for an interested person to go to the county court to see what was proposed as the decedent's last will."

The appellant apparently chose not to inquire as to the specific subject matter of the hearing for which he received adequate notice. However, he is charged with knowledge of all of the facts he might have obtained had he only asked.

Because the appellant is charged with being fully aware of the scheduled December 15, 1986, hearing, and even though he failed to attend it, he is not statutorily entitled to have the county court vacate its order of December 15, admitting the decedent's will and codicil to probate.

Toedtli filed a plea in abatement in response to the appellant's motion to vacate. A plea in abatement may be filed when there is another action pending between the same parties, involving the same or substantially the same subject matter, cause of action, and relief. *Kash v. McDermott & Miller*, 221 Neb. 297, 376 N.W.2d 558 (1985). As there was no other action pending regarding the issues raised in the motion to vacate, a plea in abatement was not a proper response. However, in light of our ruling that the appellant's motion to vacate had no merit, this issue is moot, as is the appellant's first assignment of error in case No. S-89-1180.

## REMOVAL OF TOEDTLI AS
## PERSONAL REPRESENTATIVE

On June 13, 1989, following the February 17, 1989, evidentiary hearing, the county court denied the appellant's motion to remove Toedtli as personal representative of her father's estate. Ackerman appealed this decision to the district court in a timely manner on July 6, 1989. The district court

affirmed the denial. Ackerman's appeal of this decision to the Supreme Court in case No. S-89-1180 was also timely made.

A proceeding under Neb. Rev. Stat. § 30-2454 (Reissue 1989) to remove a personal representative for cause is a special proceeding within the meaning of Neb. Rev. Stat. § 25-1902 (Reissue 1989) and therefore is a final order and is appealable, even though it may not terminate the action or constitute a final disposition of the case. See *In re Estate of Snover*, 233 Neb. 198, 443 N.W.2d 894 (1989).

The appellant alleged in his county court motion to remove the personal representative that Toedtli had done nothing to probate Seidler's estate from the time she was appointed personal representative on January 12, 1987, to the date the motion was filed. He claimed his mother had not filed, within 2 months of her appointment, an inventory of the property owned by Seidler at the time of his death, as required by § 30-2467, nor had she caused inheritance tax to be determined within 12 months of the decedent's death, as required by § 77-2010. In his appeal to this court, the appellant also argues that Toedtli had failed to file an accounting or to make a proposal for distribution. The latter issues will not be addressed by this court. Issues not properly presented to and passed upon by a trial court may not be raised on appeal. *State v. Vance*, 240 Neb. 794, 484 N.W.2d 453 (1992).

The county court received evidence on the issue of removal of the personal representative at the hearing on February 17, 1989. Toedtli testified. The appellant offered no evidence. The parties stipulated that as of February 17, no inventory had been filed and no inheritance tax arising out of the estate of Seidler had been determined or paid.

The reasons given why the personal representative had been unable to fulfill the duties of which Ackerman complained were that she had no funds with which to pay for appraisal of the land to be inventoried, nor did she have funds with which to pay any inheritance tax that might be determined to be due.

Toedtli had no estate funds because the estate was not generating income, because the appellant had control of the only income generating asset, the land. The appellant was using the land without paying rent to the estate. In an effort to

produce income, Toedtli eventually brought an action against her son for an accounting and to evict him from the land. There is no indication in the record as to the outcome of that action. The only other assets of the estate were some non-income-producing farm equipment, motor vehicles, clothing, and a houseful of furniture. The appellant had ·control of all those assets, as well as a joint bank account which had been in his and the decedent's names.

There seems to have been a history of animus between the mother and her son. They both lived on the Seidler land, the appellant in the main house and Toedtli in a mobile home approximately a block away. They seemingly could not talk to one another. "I just can't talk to my son," testified Toedtli. "It turns out into an argument every time we try to get anything settled." "A year ago in December I went out before Christmas and we tried to talk and it wound up in an angry argument. In June a year ago it wound up in an angry argument, plus a little roughness on top of it." She testified that she wanted to try to keep the property and the family together as her father had wanted, but that when that was not possible, she had had to take other steps.

Toedtli indicated at the hearing that should she remain as personal representative she would file income tax returns and try to generate an income for the estate. She would also file an inventory and have a determination of inheritance tax.

The record shows that on April 14, 1989, Toedtli did file with the county court an inventory of the estate of Seidler. There is no indication in the record whether the inheritance tax has been determined or paid.

> Cause for removal [of a personal representative] exists when removal would be in the best interests of the estate, or if it is shown that a personal representative . . . intentionally misrepresented material facts in the proceedings leading to his appointment, or that the personal representative has disregarded an order of the court, has become incapable of discharging the duties of his office, or has mismanaged the estate or failed to perform any duty pertaining to the office. . . .

§ 30-2454(b).

We have held that the failure to pay claims within the time limited by the court is not cause for removal of a personal representative when there are no funds with which to pay the claims, unless it appears that absent neglect on the part of the personal representative, funds would have been available. See *In re Estate of Cash D. Fuller*, 124 Neb. 591, 247 N.W. 415 (1933). We have found that cause for removal of a personal representative exists when the personal representative fails to follow the court's progression order, fails to pay federal taxes, and fails to provide a proposed distribution plan. *In re Estate of Snover, supra*. In this case, Toedtli has not been shown to have violated any court order, nor has she been shown to have been neglectful. It appears that the appellant's unwillingness to communicate with his mother regarding the estate and his own involvement in the inability of the estate to generate income have been the cause of a substantial part of the problems suffered by the estate. In moving to eject the appellant from the property, Toedtli seems to have taken the first step in bringing the estate into a position to generate the income necessary to allow her to perform her duties as personal representative.

The appellant's complaint that his mother is not acting in the best interests of her father's estate is without merit.

Ackerman's assignments of error in case No. S-89-1180, in toto, are without merit.

Because not all of the issues in case No. S-89-1181 had been decided by the county court, neither the district court nor this court obtained appellate jurisdiction, and case No. S-89-1181 must be dismissed.

The decisions of the district court in appeal No. S-89-1180 must be affirmed.

JUDGMENT IN NO. S-89-1180 AFFIRMED.
APPEAL IN NO. S-89-1181 DISMISSED.