IN RE ESTATE OF WILLIAM H. WEINGARTEN, DECEASED.
WILLIAM BEAL, COPERSONAL REPRESENTATIVE OF THE ESTATE
OF WILLIAM H. WEINGARTEN, DECEASED, APPELLANT, V.
THOMAS WEINGARTEN, COPERSONAL REPRESENTATIVE OF THE
ESTATE OF WILLIAM H. WEINGARTEN, DECEASED, AND
JAMES E. RIHA, SUCCESSOR PERSONAL REPRESENTATIVE OF THE
ESTATE OF WILLIAM H. WEINGARTEN, DECEASED, APPELLEES.
624 N.W.2d 653

Filed April 10, 2001. No. A-99-1357.

Jay A. Ferguson for appellant.

James E. Riha, pro se.

IRWIN, Chief Judge, and SIEVERS and INBODY, Judges.

INBODY, Judge.

## INTRODUCTION

William Beal appeals from the order of the Douglas County Court removing him as the copersonal representative of the estate of William H. Weingarten (the decedent) and appointing a successor personal representative. For the reasons recited herein, we reverse, and remand for further proceedings.

## STATEMENT OF FACTS

The decedent died testate on January 25, 1998. Thomas Weingarten, the decedent's son, was nominated in the decedent's will as the personal representative; however, by agreement of all devisees, Beal was nominated to serve as a copersonal representative with Weingarten. On March 2, both Weingarten and Beal accepted their appointments as copersonal representatives.

On October 1, 1999, Beal filed a motion to disqualify the attorney and law firm representing the copersonal representatives. On October 29, the trial court conducted a hearing on Beal's motion to disqualify the attorney and law firm representing the copersonal representatives of the estate. During the hearing on the motion, the court expressed its frustration with the delay in closing the estate. The court further discussed the idea of removing Beal and Weingarten as copersonal representatives of the estate and appointing an independent estate attorney as the successor personal representative of the estate. At the hearing, the court stated:

[T]o clarify what I'm saying, if it gets to the point where we just can't budge, then what I'll do - and I've already talked to an attorney, what I'll do is I'll appoint a separate successor personal representative to close the estate, and that'll be a sigular [sic] successor personal representative, and that's what I - if I have to do that, that's what I will do.

The attorney representing Weingarten stated, "Certainly, Your Honor, I am not inviting any further hearings, but we have had no opportunity to present any evidence directly on that issue . . . [i]f in fact there is going to be a finding by this Court on that issue." Following a brief dialog, the court took the motion to disqualify that attorney and the law firm under advisement.

On November 4, 1999, the court issued an order finding that it was in the best interests of the estate that both Beal and Weingarten be removed as the copersonal representatives of the estate pursuant to Neb. Rev. Stat. § 30-2454(b) (Reissue 1995), and the court appointed an independent attorney, James E. Riha, as the successor personal representative of the estate. Beal timely filed this appeal.

## ASSIGNMENTS OF ERROR
On appeal, Beal asserts, summarized and restated, that the Douglas County Court erred in (1) removing him as copersonal representative and (2) appointing a successor personal representative.

## STANDARD OF REVIEW
Appeals of matters arising under the Nebraska Probate Code are reviewed for error on the record. *In re Guardianship of Zyla*, 251 Neb. 163, 555 N.W.2d 768 (1996). When reviewing an order for errors appearing on the record, the appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Constructors, Inc. v. Cass Cty. Bd. of Equal.*, 258 Neb. 866, 606 N.W.2d 786 (2000). When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *In re Conservatorship of Holle*, 254 Neb. 380, 576 N.W.2d 473 (1998).

## ANALYSIS

Beal first contends that the county court erred in removing him as copersonal representative of the estate because he was not given notice that his removal was going to be addressed at the October 29, 1999, hearing.

A proceeding under § 30-2454 to remove a personal representative for cause is a special proceeding within the meaning of Neb. Rev. Stat. § 25-1902 (Reissue 1995) and therefore is a final order and is appealable, even though it may not terminate the action or constitute a final disposition of the case. *In re Estate of Seidler*, 241 Neb. 402, 490 N.W.2d 453 (1992); *In re Estate of Snover*, 233 Neb. 198, 443 N.W.2d 894 (1989).

Section 30-2454 provides the procedure for the removal of a personal representative for cause. That section provides in pertinent part:

(a) A person interested in the estate may petition for removal of a personal representative for cause at any time. Upon filing of the petition, the court shall fix a time and place for hearing. Notice shall be given by the petitioner to the personal representative, and to other persons as the court may order. . . .

(b) Cause for removal exists when removal would be in the best interests of the estate, or if it is shown that a personal representative or the person seeking his appointment intentionally misrepresented material facts in the proceedings leading to his appointment, or that the personal representative has disregarded an order of the court, has become incapable of discharging the duties of his office, or has mismanaged the estate or failed to perform any duty pertaining to the office.

In the instant case, the court, on its own motion, initiated the issue of removing copersonal representatives at a hearing on the motion to disqualify the attorney and law firm representing the copersonal representatives. At the hearing on the motion to disqualify, the court expressed its frustration with the fact that the estate was not being closed expeditiously, and the court told the parties that it was considering replacing the copersonal representatives and appointing an independent party as a successor personal representative. After the court informed the parties of

its intentions, Weingarten's attorney expressed his concern that the parties be given an opportunity to present evidence on the issue of removal.

After taking the matter of disqualifying the attorney and law firm under advisement, the court issued an order on November 4, 1999, finding that it was in the best interests of the estate that both Beal and Weingarten be removed as copersonal representatives of the estate and appointed a successor personal representative.

We agree that there may be situations in which a court must expeditiously restrain a personal representative by temporary order from performing his or her fiduciary duties, but even in those situations, notice must be given to the personal representative and a hearing on the issue must be set. See Neb. Rev. Stat. § 30-2450 (Reissue 1995) (requiring that hearing be set within 10 days of temporary order restraining personal representative and that notice be given to personal representative and his attorney of record.)

Neb. Rev. Stat. § 30-2220 (Reissue 1995) provides in pertinent part what notice must be given as follows:

> If *notice of a hearing on any petition is required . . . notice of the time and place of hearing* [is] to be given to any interested person or his or her attorney if he or she has appeared by attorney or requested that notice be sent to his or her attorney . . . by mailing a copy [of the notice] at least fourteen days before the time set for the hearing[.]

(Emphasis supplied.)

In the instant case, Beal was not given notice or a hearing on the issue of his removal as a copersonal representative of the estate. Although the court broached the subject at the hearing on the motion to disqualify, the court did not provide the parties with adequate notice or a hearing on the issue. Assuming, without deciding, that the court's raising of the issue of removal, on its own motion, is a proper petition bringing the issue of removal before the court, we find that the court failed to give the parties the proper notice and to set the matter for hearing in accordance with § 30-2220.

Therefore, for the reasons recited herein, we find that the county court erred in ordering the removal of Beal as a copersonal representative of the estate without providing notice and

a hearing on the issue. Because we have determined that the county court erred in removing Beal without providing him notice and a hearing, we need not address Beal's other assigned errors. Accordingly, we reverse, and remand this cause to the county court for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.