IN RE ESTATE OF EDWARD F. NEMETZ, JR., DECEASED.
JILL A. NEMETZ AND CHRISTOPHER NEMETZ, APPELLANTS,
v. KATHLEEN A. NEMETZ, APPELLEE.

735 N.W.2d 363

Filed July 6, 2007.    No. S-06-487.

Bradley E. Barrows, of Hoppe & Harner, L.L.P., for appellants.

Sally J. Hytrek for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

Eighteen years after Edward F. Nemetz, Jr., died, his surviving spouse, Kathleen A. Nemetz, filed an application for informal appointment of personal representative in intestacy, and she was appointed. Edward's children from a previous marriage filed a petition to remove Kathleen as personal representative. Following an evidentiary hearing, the county court denied the petition, and the children appeal.

## SCOPE OF REVIEW

In the absence of an equity question, an appellate court, reviewing probate matters, examines for error appearing on the record made in the county court. *In re Trust of Rosenberg*, 269 Neb. 310, 693 N.W.2d 500 (2005). When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.*

## FACTS

Edward died August 9, 1987. He was survived by his spouse, Kathleen, and two children from a previous marriage: Jill A. Nemetz, born August 22, 1972, and Christopher Nemetz, born November 20, 1975. At the time of his death, Edward owned residential property in Omaha, Nebraska. From the time of Edward's death through the time of the proceedings below, Kathleen continued to live in the house, paid the mortgage and taxes, and made necessary repairs to the premises.

No probate proceeding was commenced until September 14, 2005, at which time, Kathleen filed in the county court an application for informal appointment of personal representative in intestacy. She was appointed as personal representative of Edward's estate in an unsupervised administration, and a letter of personal representative was issued to her. On October 4, Kathleen, as personal representative, signed a deed of distribution transferring the residential property to herself.

On January 27, 2006, Jill and Christopher petitioned the court for formal adjudication of intestacy, removal of the personal representative, appointment of a successor personal representative, determination of heirs, and surcharge of the former personal representative. The court separated the issues raised in the children's petition and held an evidentiary hearing on their request to remove Kathleen as personal representative. At the end of the hearing, the court found no reason to remove Kathleen and entered an order denying the children's request. From that order, the children appeal.

## ASSIGNMENTS OF ERROR

The children assert, restated, that the county court erred (1) in finding that its jurisdiction was not limited by Neb. Rev. Stat.

§ 30-2408 (Reissue 1995) to determining only how Edward's property devolved at his death and (2) in denying their request to remove Kathleen as the personal representative for the estate.

## ANALYSIS

In their brief on appeal, the children make a number of arguments about issues that have not yet been adjudicated in the county court. The only ruling from which the children have appealed is the order denying their request to remove Kathleen as personal representative. Just two issues are presented in this appeal: Did the county court have jurisdiction to appoint Kathleen as personal representative? Did the county court err in denying the children's request to remove Kathleen as personal representative?

We note that a proceeding under Neb. Rev. Stat. § 30-2454 (Reissue 1995) to remove a personal representative for cause is a special proceeding within the meaning of Neb. Rev. Stat. § 25-1902 (Reissue 1995). *In re Estate of Seidler*, 241 Neb. 402, 490 N.W.2d 453 (1992). Therefore, the county court's order denying the children's request to remove Kathleen is a final order and is appealable, even though it neither terminated the action nor constituted a final disposition of the case. See *id.*

### JURISDICTION OF COUNTY COURT

The children argue that if probate proceedings are commenced more than 3 years after the decedent's death, § 30-2408 limits the court's jurisdiction to determining how the property of an intestate decedent devolved at the time of the decedent's death and determining claims for administration expenses. The record shows that the county court appointed Kathleen as personal representative and denied the children's request to remove her. No determination has yet been made by the county court as to how Edward's estate passed (or should pass) to his heirs. Thus, we address the children's jurisdiction argument only as it pertains to the appointment of Kathleen.

We first consider the children's argument that the county court did not have jurisdiction to appoint Kathleen as personal representative more than 3 years after Edward's death. The proceedings were initiated when Kathleen filed an application for

informal appointment of personal representative in intestacy. Section 30-2408 provides, in relevant part, as follows:

> No informal probate or appointment proceeding or formal testacy or appointment proceeding, other than a proceeding to probate a will previously probated at the testator's domicile and appointment proceedings relating to an estate in which there has been a prior appointment, may be commenced more than three years after the decedent's death, *except . . . (4) an informal probate or appointment or a formal testacy or appointment proceeding may be commenced thereafter if no formal or informal proceeding for probate or proceeding concerning the succession or administration has occurred within the three-year period,* but claims other than expenses of administration may not be presented against the estate.

(Emphasis supplied.)

The meaning of a statute is a question of law. *State ex rel. Columbus Metal v. Aaron Ferer & Sons*, 272 Neb. 758, 725 N.W.2d 158 (2006). Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Turco v. Schuning*, 271 Neb. 770, 716 N.W.2d 415 (2006).

A county court has exclusive jurisdiction over all proceedings regarding a decedent's estate. *Mischke v. Mischke*, 253 Neb. 439, 571 N.W.2d 248 (1997). See, also, Neb. Rev. Stat. § 30-2211 (Cum. Supp. 2006). Section 30-2408 clearly permits an informal appointment proceeding to be commenced more than 3 years after the decedent's death "if no formal or informal proceeding for probate or proceeding concerning the succession or administration has occurred within the three-year period."

The record shows that Edward died intestate on August 9, 1987. No formal or informal proceeding for probate or proceeding concerning the succession or administration of Edward's estate occurred within 3 years after his death. Kathleen filed her application for informal appointment of personal representative on September 14, 2005. Although this filing was made more than 3 years after Edward's death, we conclude that under

the plain language of § 30-2408, the county court had jurisdiction to appoint Kathleen as personal representative of Edward's estate.

### DENIAL OF REQUEST TO REMOVE PERSONAL REPRESENTATIVE

The children also claim that the county court erred in refusing to remove Kathleen as personal representative. A personal representative of an estate may be removed by a court upon the petition of an interested person in the estate if

> removal would be in the best interests of the estate, or if it is shown that a personal representative . . . intentionally misrepresented material facts in the proceedings leading to his [or her] appointment, or that the personal representative has disregarded an order of the court, has become incapable of discharging the duties of his [or her] office, or has mismanaged the estate or failed to perform any duty pertaining to the office.

See § 30-2454(b).

■ The children first assert an argument similar to their jurisdictional claim. They argue that Kathleen should have been removed because she made claims for homestead allowance, family allowance, and exempt property more than 3 years after Edward's death. Whether improper claims were made against the estate has not been adjudicated by the county court. An appellate court will not consider an issue on appeal that was not passed upon by the trial court. *In re Estate of Eriksen*, 271 Neb. 806, 716 N.W.2d 105 (2006). Thus, we do not address the children's argument concerning alleged claims made against the estate by Kathleen.

Second, the children argue that Kathleen has a conflict of interest that precludes her from acting as personal representative of Edward's estate. In October 2005, after Kathleen was appointed personal representative to administer the estate without supervision, she signed a deed of distribution transferring the residential property to herself. The children claim that in so doing, Kathleen failed to act impartially and did not consider the children's inheritance rights. The children assert that once they petitioned for Kathleen's removal in January 2006, she should have returned the property to the estate. Because she did

not do so, the children claim Kathleen has a conflict of interest and should be removed from serving as personal representative.

The record does not show that Kathleen has intentionally misrepresented any facts, disregarded any court orders, become incapable of discharging the duties of her office, or mismanaged the estate. Nor does the record show that Kathleen has exhibited bad faith in performing her duties as personal representative, as the children have alleged. The children's petition for formal adjudication of the intestate estate has not yet been heard by the county court; in other words, proper distribution of the estate has not been determined. During the hearing on the children's removal request, Kathleen stated that if the court were to determine that the residence should have been distributed differently, she would distribute it in accordance with the court's ruling.

To the extent that the children's argument stands for the notion that Kathleen cannot serve as personal representative because of her interest in the estate, this court has previously rejected such notion. Those who are directly interested in estates are regularly selected and appointed as personal representatives. See *In re Estate of Rosso*, 270 Neb. 323, 701 N.W.2d 355 (2005). "That the named personal representative is interested in the estate and that his or her interest may become hostile to those of the other interested beneficiaries does not necessarily render the personal representative legally incompetent." *Id.* at 332, 701 N.W.2d at 363-64.

The county court applied the language of § 30-2454(b) and found that no cause existed to remove Kathleen as personal representative. Based on an examination for error appearing on the record, we conclude that the county court's ruling conformed to the law, was supported by competent evidence, and was neither arbitrary, capricious, nor unreasonable.

## CONCLUSION

The children's assignments of error are without merit. The county court had jurisdiction to appoint Kathleen as personal representative and did not err in denying the children's request to remove her. The county court's order is affirmed.

AFFIRMED.