Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/13/2018 08:34 AM CDT

In re Estate of Marcia G. Abbott-Ochsner, deceased.
Mark D. Abbott, Personal Representative of
the Estate of Marcia G. Abbott-Ochsner,
deceased, appellant, v. Cynthia J. Sellon
and Russell G. Abbott, appellees.

___ N.W.2d ___

Filed April 13, 2018.    No. S-17-528.

1. **Judgments: Jurisdiction.** A jurisdictional issue that does not involve a factual dispute presents a question of law.
2. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the appeal.
3. **Final Orders.** A special proceeding includes every special statutory remedy that is not in itself an action, or an integral step to commence it, join issues in it, and conduct it to a final hearing and judgment.
4. **Decedents' Estates: Final Orders.** A proceeding under Neb. Rev. Stat. § 30-2457 (Reissue 2016) is a special proceeding.
5. **Final Orders: Words and Phrases.** A substantial right is an essential legal right, not a mere technical right.
6. **Final Orders: Appeal and Error.** An order affects a substantial right if it affects the subject matter of the litigation by diminishing a claim or defense that was available to the appellant prior to the order from which he or she is appealing.
7. **Final Orders.** It is not enough that the right itself be substantial; the effect of the order on that right must also be substantial.
8. **Final Orders: Appeal and Error.** A substantial right under Neb. Rev. Stat. § 25-1902 (Reissue 2016) is not affected when that right can be effectively vindicated in an appeal from the final judgment.
9. **Decedents' Estates: Final Orders: Appeal and Error.** Orders denying a request to remove a personal representative for cause are final and immediately appealable by the person interested in the estate who petitioned for the personal representative's removal.

10. **Final Orders: Appeal and Error.** To be a final order, the substantial right affected must be of the appellant and cannot be claimed vicariously.

11. **Decedents' Estates: Final Orders.** In and of itself, and without additional facts indicating otherwise, an order appointing a special administrator pursuant to Neb. Rev. Stat. § 30-2425 (Reissue 2016) is not a final order.

12. **Final Orders: Appeal and Error.** An appellate court does not entertain direct appeals from interlocutory orders in order to avoid piecemeal review, chaos in trial procedure, and a succession of appeals granted in the same case to secure advisory opinions to govern further actions of the trial court.

13. **Decedents' Estates.** The underlying purpose of the Nebraska Probate Code is to promote a speedy and efficient system for liquidating the estate of the decedent and making distribution to the successors.

14. **Final Orders: Jurisdiction: Appeal and Error.** An appellate court's jurisdiction to review whether the lower court acted extrajurisdictionally presupposes its appellate jurisdiction over an appeal from a final order or judgment.

Appeal from the County Court for Douglas County: Lawrence E. Barrett, Judge. Appeal dismissed.

Michael F. Coyle, Elizabeth A. Culhane, and Jacqueline M. DeLuca, of Fraser Stryker, P.C., L.L.O., for appellant.

John M. Lingelbach, James A. Tews, and Minja Herian, of Koley Jessen, P.C., L.L.O., for appellees.

Heavican, C.J., Cassel, Stacy, and Funke, JJ., and Pirtle, Judge.

Heavican, C.J.

INTRODUCTION

This case involves the probate of Marcia G. Abbott-Ochsner's estate, most of which consists of a trust that was the subject of a previous appeal to this court in *In re Conservatorship of Abbott* (*Abbott I*).[1] Two siblings filed a petition in county court contesting the validity of the will presented for informal

---

[1] *In re Conservatorship of Abbott*, 295 Neb. 510, 890 N.W.2d 469 (2017).

probate by their brother, who had been appointed by the county court as the personal representative of the estate.

Pursuant to Neb. Rev. Stat. § 30-2429.01(1) (Reissue 2016), the personal representative transferred his siblings' will contest to the district court. Afterward, pursuant to Neb. Rev. Stat. § 30-2425 (Reissue 2016), the county court granted the siblings' request to appoint a special administrator for the estate, pending resolution of the district court proceedings. The siblings had also sought appointment of a different personal representative, but the county court's order did not remove the brother as personal representative. The brother appeals, arguing that the county court lacked jurisdiction to appoint a special administrator, because the case had been transferred to the district court. The siblings disagree and assert, as a threshold matter, that an order appointing a special administrator pursuant to § 30-2425 is not a final order.

## BACKGROUND

The "Abbott Living Trust" was created by Marcia G. Abbott-Ochsner (Marcia) and her first husband, George W. Abbott, in 1995. Marcia and George were cotrustees of the trust, which was divided into a revocable "'Survivor's Trust'" and an irrevocable "'Family Trust.'"[2] Marcia and George had three children—Russell G. Abbott, Cynthia J. Sellon (Cynthia), and Mark D. Abbott—who were beneficiaries.

George died in 1996. Marcia suffered a stroke in 2011. As a result of the stroke, Marcia suffered from expressive aphasia—a disorder that affects the brain's ability to use and understand language. In March 2015, Marcia appointed Mark as successor trustee to the living trust and Mark accepted the appointment.

At the behest of Russell and Cynthia, the county court ordered the appointment of a conservator and removed Mark as trustee. At that time, the living trust was valued at approximately $2 million.

---

[2] *Id.* at 514, 890 N.W.2d at 475.

As described in *Abbott I*, the county court considered evidence that Mark was hostile toward Cynthia. Mark accused Cynthia of murdering their aunt and receiving an unequal share of their aunt's estate. Mark repeatedly threatened to "'make it even,'" using the assets of the trust.[3] Mark described his relationship with Russell and Cynthia as "'WWIII.'"[4]

The county court also considered evidence that Mark had refused to provide documentation concerning the trust and trust activities, had acted as trustee before being appointed, and had facilitated money transfers resulting in negative tax consequences.

The county court found that Mark had violated several of his duties under the Nebraska Uniform Trust Code, including his duty to administer the trust in good faith, his duty of loyalty, his duty of impartiality, and his duty to inform and report. On appeal, we affirmed Mark's removal as trustee, concluding that Mark's breach of his duty of impartiality was dispositive.[5]

In September 2015, several months after Marcia had appointed Mark as successor trustee, and apparently after a conservator had been appointed for Marcia, Marcia executed a pourover will. Marcia exercised her limited testamentary power in the family trust to change the default equal distribution between the three children to a 100-percent distribution to Mark and a 0-percent distribution to Russell and Cynthia. The pourover will provided that Mark was to be the estate's personal representative, with sole discretion to distribute Marcia's personal possessions.

Marcia died in October 2016. Mark filed an application for informal probate of the 2015 pourover will and informal appointment of a personal representative of Marcia's estate. That same day, Mark accepted informal appointment as

---

[3] *Id.* at 516, 890 N.W.2d at 477.

[4] *Id.*

[5] *Abbott I, supra* note 1.

personal representative of the estate. He also filed a petition for declaratory judgment in the district court, seeking an order declaring Marcia's 2015 amendments to the living trust valid, including her distribution of 100 percent of the assets to Mark. The county court confirmed Mark's informal appointment and issued letters of personal representative. Russell and Cynthia filed a petition in the county court to set aside the informal probate of the will, for a formal testacy proceeding, and for appointment of a different personal representative in the formal proceedings. Russell and Cynthia alleged that the 2015 pour-over will was not valid, because Marcia lacked the requisite capacity to execute the will, and that the will was the product of undue influence.

In their petition for formal proceedings, Russell and Cynthia also requested an order, pursuant to § 30-2425, restraining Mark from exercising any powers of a personal representative and appointing a special administrator.

Pursuant to § 30-2429.01(1), Mark filed a notice of transfer of Russell and Cynthia's petition to the district court and paid the required docket fee. After Mark filed his notice of transfer under § 30-2429.01(1), a hearing was held in the county court to determine Russell and Cynthia's request for the appointment of a special administrator during the pendency of the district court proceedings.

Mark argued at the hearing that the county court no longer had jurisdiction to appoint a special administrator, because the proceeding to determine whether Marcia left a valid will had been moved to the district court. Russell and Cynthia, in contrast, asserted that although the will contest had been transferred to the district court, the county court retained jurisdiction over the rest of the formal probate proceedings, such as claims by creditors.

Mark conceded that some "ancillary matters" were still to be handled by the county court, but that the appointment of a special administrator was part of the will contest proceedings in district court. When Mark pointed out that the request

for the appointment of a special administrator had been made in the petition that was moved to district court, Russell and Cynthia offered to file a separate motion.

In support of their argument that a special administrator should be appointed, Russell and Cynthia offered Cynthia's affidavit. The affidavit was admitted over Mark's objections on the basis of subject matter jurisdiction, hearsay, foundation, speculation, and unfair surprise. Cynthia averred in her affidavit that she had reviewed the trust activity records and believed that approximately $800,000 was unaccounted for.

Russell and Cynthia also entered into evidence the county court's prior order appointing a conservator for Marcia and removing Mark as trustee, as well as this court's opinion in *Abbott I* affirming the county court's decision to remove Mark as trustee. Russell and Cynthia argued that a special administrator was appropriate, given Mark's past history of breaching his fiduciary duties as trustee.

On April 10, 2017, the county court issued an order appointing a special administrator. The court did not remove Mark as personal representative of the estate. Mark appeals from the April 10 order.

## ASSIGNMENTS OF ERROR

Mark assigns that the county court erred in (1) failing to dismiss Russell and Cynthia's petition when the case had already been removed to district court; (2) failing to dismiss for lack of jurisdiction Russell and Cynthia's request for a special administrator when the case had already been removed to district court; (3) entering an order appointing a special administrator; (4) allowing Cynthia's affidavit into evidence; (5) ruling on the petition to set aside informal probate of the will, for formal adjudication of intestacy, determination of heirs, and appointment of personal representative without allowing Mark the ability to cross-examine Cynthia; and (6) failing to restrict the special administrator from acting during the pendency of the litigation in district court.

## STANDARD OF REVIEW

[1] A jurisdictional issue that does not involve a factual dispute presents a question of law.[6]

## ANALYSIS

[2] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the appeal.[7] Appellate review under the Nebraska Probate Code is governed by Neb. Rev. Stat. § 30-1601 (Reissue 2016), which states that appeals from a county court may be taken in the same manner as appeals from a district court and that "[a]n appeal may be taken by any party and may also be taken by any person against whom the final judgment or final order may be made or who may be affected thereby."

There has not yet been a final judgment in which the probate estate has been finally established.[8] Thus, we must determine whether Mark appeals from a final order.[9] Final orders are defined by Neb. Rev. Stat. § 25-1902 (Reissue 2016). As applicable here, the question is whether, under § 25-1902, the April 10, 2017, order "affect[ed] a substantial right" and was "made in a special proceeding."

[3,4] A special proceeding includes every special statutory remedy that is not in itself an action, or an integral step to commence it, join issues in it, and conduct it to a final hearing and judgment.[10] Neb. Rev. Stat. § 30-2457 (Reissue 2016) confers upon persons interested in an estate the specific right to petition the county court to appoint a special administrator. Thus, a proceeding under § 30-2457 is a special proceeding.

---

[6] See *Robinson v. Houston*, 298 Neb. 746, 905 N.W.2d 636 (2018).

[7] See *In re Adoption of Madysen S. et al.*, 293 Neb. 646, 879 N.W.2d 34 (2016).

[8] See *In re Estate of Potthoff*, 273 Neb. 828, 733 N.W.2d 860 (2007).

[9] See *In re Adoption of Micah H.*, 295 Neb. 213, 887 N.W.2d 859 (2016).

[10] See *In re Estate of Snover*, 233 Neb. 198, 443 N.W.2d 894 (1989).

[5-8] Whether the April 10, 2017, order affected a substantial right requires more analysis. A substantial right is an essential legal right, not a mere technical right.[11] An order affects a substantial right if it affects the subject matter of the litigation by diminishing a claim or defense that was available to the appellant prior to the order from which he or she is appealing.[12] The duration of the order is also relevant to whether it affects a substantial right.[13] It is not enough that the right itself be substantial; the effect of the order on that right must also be substantial.[14] And a substantial right under § 25-1902 is not affected when that right can be effectively vindicated in an appeal from the final judgment.[15]

This court has never determined whether an order appointing a special administrator upon a petition for formal probate affects a substantial right of the informally appointed personal representative. A formal testacy proceeding is litigation to determine whether a decedent left a valid will.[16] Section 30-2425 states that a formal testacy proceeding "may be commenced by an interested person filing a petition as described in section 30-2426(a) . . . or . . . section 30-2426(b)." Such a petition may be either with or without a request for appointment of a personal representative.[17]

Russell and Cynthia filed a petition as described by § 30-2426(a). In the petition, they requested the appointment of a personal representative. Mark is not appealing the commencement of formal proceedings, and he is not appealing his removal as personal representative, because no such order has been made.

---

[11] *Jennifer T. v. Lindsay P.*, 298 Neb. 800, 906 N.W.2d 49 (2018).

[12] See *id*.

[13] See *id.*

[14] *In re Adoption of Madysen S. et al., supra* note 7.

[15] *In re Adoption of Amea R.*, 282 Neb. 751, 807 N.W.2d 736 (2011).

[16] § 30-2425.

[17] See § 30-2425 and Neb. Rev. Stat. § 30-2426 (Reissue 2016).

Upon commencement of a formal testacy proceeding, the court shall fix a time and place of hearing.[18] Section 30-2425 provides that "[u]nless a petition in a formal testacy proceeding also requests confirmation of the previous informal appointment, a previously appointed personal representative . . . must refrain from exercising his power to make any further distribution of the estate during the pendency of the formal proceeding."

Section 30-2425 goes on to provide that a petitioner who seeks the appointment of a different personal representative in a formal proceeding "also may request an order restraining the acting personal representative from exercising any of the powers of his office and requesting the appointment of a special administrator."

Section 30-2425 states that if no special administrator is appointed, then the commencement of a formal proceeding has no effect on the powers and duties of the previously appointed special administrator other than those relating to distribution. But Neb. Rev. Stat. § 30-2438(a) (Reissue 2016) states that if a formal proceeding for adjudication regarding the qualification of one who previously has been appointed personal representative in informal proceedings is commenced after appointment, "the previously appointed personal representative . . . shall refrain from exercising any power of administration except as necessary to preserve the estate or unless the court orders otherwise." Though the court's order was not explicit in this case, such restriction apparently was to continue until the court determined who is entitled to appointment as set forth in § 30-2438(b).

Section 30-2438 states that a formal proceeding for adjudication regarding the qualification of one who previously has been appointed personal representative in informal proceedings, when an issue concerning the testacy of the decedent is or may be involved, is governed by both §§ 30-2426 and 30-2438. Russell and Cynthia presented in their petition issues

---

[18] See Neb. Rev. Stat. § 30-2427(a) (Reissue 2016).

regarding Mark's qualification as personal representative. We treat their petition as a request to have Mark's qualification adjudicated in a formal proceeding under § 30-2438.[19]

Mark asserts that his substantial rights were affected because the April 10, 2017, order appointing a special administrator "stripped Mark" of his powers to act as personal representative.[20] But, as set forth above, the commencement of the formal proceedings had already limited Mark's power to do anything other than preserve the estate.

Mark does not elaborate how appointing a special administrator to protect the estate affected his substantial rights, other than to point out that he was nominated in the contested will and that the estate and, ultimately, Mark, as an heir, will bear the costs of the special administrator's compensation. Mark argues that the effect on these allegedly substantial rights cannot be vindicated in an appeal from the judgment, because the costs and any potential mishandling of the estate by the special administrator cannot later be undone.

While rights of priority among persons seeking appointment, "who are not disqualified," are set forth in Neb. Rev. Stat. § 30-2412 (Reissue 2016), no determination of appointment in the formal proceeding has yet been made. And Mark does not present any reason why the special administrator, an uninterested third party, would mishandle the estate. Mark did not object below that the special administrator was disqualified or move for removal for cause. Mark does not explain how a special administrator's reasonable compensation would be more burdensome to the estate than the reasonable compensation due to a personal representative who would otherwise be acting during that time.[21]

[9] We have held that orders denying a request to remove a personal representative for cause are final and immediately

---

[19] See *In re Estate of Sutherlin*, 261 Neb. 297, 622 N.W.2d 657 (2001).

[20] Reply brief for appellant at 7.

[21] Neb. Rev. Stat. § 30-2480 (Reissue 2016).

appealable by the person interested in the estate who petitioned for the personal representative's removal.[22] Neb. Rev. Stat. § 30-2454 (Reissue 2016) grants a person interested in the estate the right to petition for removal of a personal representative for cause. Orders subsequent to a hearing under that statute are the final determination of that right. We have explained that personal representatives have broad powers to administer and distribute the decedent's estate, usually without direction of the county court.[23] We have thus indicated that the right conferred by § 30-2454 is more than a mere technical right, and one that could not be effectively vindicated in an appeal from the final judgment.[24]

We have also held that orders finally determining a personal representative's right to fees, as provided in § 30-2480, are final.[25] We reason that such orders are a final disposition of the personal representative's rights granted under § 30-2480.[26]

In *In re Estate of Muncillo*,[27] we held that the court's denial of an application to appoint a special administrator pursuant to § 30-2457(2) was a final order. As already described, § 30-2457(2) grants to a person interested in the estate the right to petition for appointment of a special administrator to preserve the estate and secure its proper administration. Not only was this right finally determined by the court's order, but we explained that this right could not be effectively vindicated upon appeal from entry of the later final judgment.[28] Explaining that the probate of an estate can remain open for

---

[22] See, *In re Estate of Nemetz*, 273 Neb. 918, 735 N.W.2d 363 (2007); *In re Estate of Seidler*, 241 Neb. 402, 490 N.W.2d 453 (1992); *In re Estate of Snover, supra* note 10.

[23] *In re Estate of Snover, supra* note 10.

[24] *Id.*

[25] *In re Estate of Gsantner*, 288 Neb. 222, 846 N.W.2d 646 (2014).

[26] See *id.*

[27] *In re Estate of Muncillo*, 280 Neb. 669, 789 N.W.2d 37 (2010).

[28] See *id.*

years, we said that after the appeal from the final judgment, a "special administrator cannot go back in time and preserve or administer the estate long after the application to appoint has been denied."[29]

We find these cases inapposite to the present appeal. Even if a personal representative's substantial rights are affected by an order granting a petitioner's request to remove for cause under § 30-2454,[30] the April 10, 2017, order did not remove Mark as the personal representative. While priority among persons seeking appointment "who are not disqualified" is set forth by § 30-2412, to the extent Mark asserts that his right under § 30-2412 has been affected, the order before us is not a final determination of his appointment.

[10] Likewise, our holding in *In re Estate of Muncillo* does not apply to the facts of this case. To be a final order, the substantial right affected must be of the appellant and cannot be claimed vicariously.[31] Given that Mark's status as personal representative has not been finally determined, Mark's remaining right allegedly affected is merely to prohibit the appointment of a special administrator to protect the estate while the underlying will contest and his qualifications as personal representative are litigated. It is unclear where such a right might come from.

Any alleged right to avoid the appointment of a special administrator is meaningfully different from the right conferred by § 30-2457(2) to seek the appointment of a special administrator to protect the estate upon commencement of a formal proceeding that calls into question the informal appointment. Unlike an informally appointed personal representative, the special administrator is appointed by the court in a formal proceeding after notice and a hearing in which the court has determined that the appointment is necessary to preserve

---

[29] *Id.* at 674, 789 N.W.2d at 42.

[30] See *In re Estate of Weingarten*, 10 Neb. App. 82, 624 N.W.2d 653 (2001).

[31] See, e.g., *In re Adoption of Amea R., supra* note 15.

the estate.[32] Absent a motion to remove the special administrator for cause, there is no reason to conclude that the appointment of the special administrator creates a risk of improper administration of the estate that cannot later be undone. This is in contrast to the refusal to appoint a special administrator under the circumstances described in § 30-2425.

Other courts with similar final order jurisprudence distinguish orders appointing special administrators, which they hold are not final, from orders appointing or removing a personal representative, which they hold are final.[33] The court in *Estate of Keske*,[34] for instance, reasoned that the appointment of a special administrator is not the kind of interim order that precluded further hearing and investigation of the rights of the parties.

With regard to its effect on any right of the appellant, the April 10, 2017, order is analogous to the order we held was not final in *In re Estate of Peters*.[35] In *In re Estate of Peters*, we held that an order reappointing a personal representative after an estate has been formally closed is not a final order, because it does not affect a substantial right. The estate had been reopened upon discovery that a specific bequest had not been paid, and as a result, excess distributions were made to the residuary beneficiaries of the estate.[36] We noted that while reopening the estate and reappointing the personal representative forced the heirs to defend their distributions, which they claimed was an improper collateral attack, the order was not dispositive of their rights.[37]

---

[32] See § 30-2457.

[33] See, *Guess v. Going*, 62 Ark. App. 19, 966 S.W.2d 930 (1998); *Estate of Keske*, 33 Wis. 2d 64, 146 N.W.2d 450 (1966). But see *Matter of Estate of Franchs*, 722 P.2d 422 (Colo. App. 1986).

[34] *Estate of Keske, supra* note 33.

[35] *In re Estate of Peters*, 259 Neb. 154, 609 N.W.2d 23 (2000).

[36] See *id.*

[37] See *id.*

We cited, with approval, *In re Miller Estate*,[38] wherein the court said that the test of finality of a probate order is whether it affects with finality the rights of the parties in the subject matter. We concluded that the court's order did not affect a substantial right, because it did not diminish with finality the heirs' claims and defenses to returning a portion of their bequests.[39] The order simply was not dispositive of any of the rights of the parties.[40]

[11] Similarly, here, the April 10, 2017, order did not affect with finality Mark's substantial rights. We hold that in and of itself, and without additional facts indicating otherwise, an order appointing a special administrator pursuant to § 30-2425 is not a final order.

We note that in *In re Estate of Lorenz*,[41] the Nebraska Court of Appeals addressed the merits of an appeal directly from an order of summary judgment in probate proceedings, which determined the allowance of the interested person's claim against the estate, will contest, and request for the appointment of a special administrator. But the court's order appeared to be a final determination of the interested person's claim, and the Court of Appeals did not discuss why it considered the order to be final.[42]

Likewise, the Court of Appeals' decision in *In re Estate of Wilson*[43] does not stand for the proposition that an order appointing a special administrator is final. The court did not discuss the direct appealability of the order, which, in any event, was the denial of a motion to vacate a prior appointment of the special administrator. The special administrator

---

[38] *In re Miller Estate*, 106 Mich. App. 222, 307 N.W.2d 450 (1981).

[39] See *In re Estate of Peters, supra* note 35.

[40] See *id.*

[41] *In re Estate of Lorenz*, 22 Neb. App. 548, 858 N.W.2d 230 (2014), *reversed in part on other grounds* 292 Neb. 543, 873 N.W.2d 396 (2016).

[42] See *id.*

[43] *In re Estate of Wilson*, 8 Neb. App. 467, 594 N.W.2d 695 (1999).

in *In re Estate of Wilson* had been appointed some 21 months before. If anything, the court's decision in *In re Estate of Wilson* stands for the proposition that the appointment of a special administrator is not a final order. For, if it were, then the appellant's failure to appeal from the order within 30 days, as required by Neb. Rev. Stat. § 25-1931 (Reissue 2016) would have foreclosed a later challenge to the appointment.

[12,13] We do not entertain direct appeals from interlocutory orders in order to avoid piecemeal review, chaos in trial procedure, and a succession of appeals granted in the same case to secure advisory opinions to govern further actions of the trial court.[44] The underlying purpose of the Nebraska Probate Code is to promote a speedy and efficient system for liquidating the estate of the decedent and making distribution to the successors.[45] Allowing a piecemeal appeal from an order appointing a special administrator defeats that purpose.

[14] We find no merit to Mark's argument that even if the appeal is not from a final order or judgment, we have appellate jurisdiction to consider whether the lower court acted without jurisdiction. The legal proposition upon which Mark relies states that though we lack jurisdiction over the merits of an extrajurisdictional act, we have jurisdiction to determine whether the lower court had the power to enter the judgment or final order sought to be reviewed.[46] Our jurisdiction to review whether the lower court acted extrajurisdictionally presupposes our appellate jurisdiction over an appeal from a final order or judgment.

We have never held that we have appellate jurisdiction to determine if the lower court acted within its jurisdiction in an appeal from a nonfinal order. Our appellate jurisdiction is governed by statute. Nowhere does the Legislature provide

---

[44] *State v. Jacques*, 253 Neb. 247, 570 N.W.2d 331 (1997).

[45] Neb. Rev. Stat. § 30-2202 (Reissue 2016); *In re Estate of Kentopp. Kentopp v. Kentopp*, 206 Neb. 776, 295 N.W.2d 275 (1980).

[46] *In re Interest of J.T.B. and H.J.T.*, 245 Neb. 624, 514 N.W.2d 635 (1994).

for our immediate review of all interlocutory orders alleged to be entered by the lower court without jurisdiction. The Legislature has provided only, as relevant here, that an order is final if it affects a substantial right. Whether the lower court acted with jurisdiction does not change the nature of the right affected by the court's action. To the extent that the Court of Appeals in *In re Interest of Angeleah M. & Ava M.*[47] concluded differently, that case is disapproved.

We have already concluded in this case that the April 10, 2017, order did not affect Mark's substantial rights. We express no opinion on the merits of Mark's argument that the county court lacked jurisdiction to appoint a special administrator once the will contest had been removed to district court.

## CONCLUSION

For the foregoing reasons, we lack jurisdiction over Mark's appeal from the April 10, 2017, order. We dismiss the appeal.

APPEAL DISMISSED.

WRIGHT, MILLER-LERMAN, and KELCH, JJ., not participating.

---

[47] *In re Interest of Angeleah M. & Ava M.*, 23 Neb. App. 324, 871 N.W.2d 49 (2015).