JOSHUA FISCHER, APPELLANT, V.
ASHLEIGH CVITAK, APPELLEE.
652 N.W.2d 274

Filed September 20, 2002.   No. S-01-711.

Eddy M. Rodell, of Wolgamott & Rodell, P.C., for appellant.

Susan Kubert Sapp and Pamela K. Epp, of Cline, Williams, Wright, Johnson & Oldfather, P.C., for appellee.

HENDRY, C.J., CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

Joshua Fischer appeals the county court's order dismissing his petition to establish paternity, awarding attorney fees against him for filing a frivolous pleading, and awarding fees to a guardian ad litem. Fischer filed this appeal more than 30 days after the order awarding attorney fees was entered but within 30 days of the

order granting fees to the guardian ad litem. The appellee, Ashleigh Cvitak, contends that the final order was the order awarding attorney fees against Fischer for filing a frivolous pleading and that because Fischer did not appeal within 30 days of that order, this appeal was filed late. We agree and dismiss for lack of jurisdiction.

## BACKGROUND

On December 21, 2000, Fischer signed a receipt in the presence of a notary public. In the receipt, Fischer acknowledged that he had received notice that a child had been born; that Cvitak, as the biological mother, intended to relinquish the child for adoption; and that he was identified as a possible biological father. Fischer further acknowledged that he received by hand delivery the documents required to be served on him by Neb. Rev. Stat. §§ 43-104.08, 43-104.12, and 43-104.13 (Reissue 1998 & Cum. Supp. 2000). He also acknowledged that he was aware that he had the right to file a notice of intent to claim paternity under Neb. Rev. Stat. § 43-104.02 (Reissue 1998). The receipt stated, "I hereby acknowledge and accept service of such documents and expressly waive the notice and service by registered or certified mail, or by publication, that I may be entitled to receive under Neb. Rev. Stat. §§ 43-104.08, 43-104.12 and 43-104.13 (1995)." Fischer does not deny that he received the proper documents. The record shows that Fischer was given the documents in person by Cvitak's attorney.

On January 3, 2001, the Nebraska Department of Health and Human Services Finance and Support certified that 5 days had passed since the birth of the child and that a notice of intent to claim paternity had not been filed. On February 9, Fischer filed a notice of intent to claim paternity, and on March 15, he filed a petition to establish paternity. Cvitak moved for summary judgment and requested attorney fees for Fischer's filing of a frivolous pleading.

On April 9, 2001, the county court sustained the motion for summary judgment and dismissed the case. On April 13, the court sustained the motion based on a frivolous pleading and awarded attorney fees.

On May 11, 2001, the guardian ad litem moved for payment of her fees. On May 23, the county court awarded fees to the guardian ad litem as a charge upon Lancaster County.

Fischer filed his notice of appeal on June 18, 2001. In July, Cvitak moved for summary dismissal, contending that Fischer failed to timely file a notice of appeal.

## ASSIGNMENTS OF ERROR

Fischer assigns that the county court erred in (1) sustaining the motion for summary judgment and (2) ordering him to pay attorney fees.

## STANDARD OF REVIEW

■ Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Chambers v. Lautenbaugh*, 263 Neb. 920, 644 N.W.2d 540 (2002).

■ A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *Id.*

## ANALYSIS

Fischer contends that the county court's order did not become final until the court awarded fees to the guardian ad litem. Neb. Rev. Stat. § 25-1912 (Cum. Supp. 2000) requires a notice of appeal to be filed within 30 days of a final order. Here, if the order awarding attorney fees was a final order, Fischer filed his appeal too late. But, if the order awarding fees to the guardian ad litem prevented the earlier order from becoming final, Fischer filed his appeal in time.

Neb. Rev. Stat. § 25-1315(1) (Cum. Supp. 2000) provides:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In

the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The guardian ad litem was not a party to the action, and the guardian's fees did not constitute a "claim" that would make § 25-1315 applicable. Thus, we analyze the problem under Neb. Rev. Stat. § 25-1902 (Reissue 1995), which provides:

An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a final order which may be vacated, modified or reversed, as provided in this chapter.

We have stated that an order is final and appealable when the substantial rights of the parties to the action are determined, even though the cause is retained for the determination of incidental matters. *Dorshorst v. Dorshorst*, 174 Neb. 886, 120 N.W.2d 32 (1963).

Here, there was no motion outstanding for the guardian's fees when the action was dismissed and the award of attorney fees was made. The April 13, 2001, order determined all the issues in the action, and nothing was reserved for decision by the court. The award of the guardian's fees was incidental to the orders dismissing the case and awarding attorney fees. Fischer was required to file his notice of appeal within 30 days of the order awarding attorney fees. Because he failed to timely file a notice of appeal, this court lacks jurisdiction over the appeal. The appeal is dismissed.

APPEAL DISMISSED.

WRIGHT, J., not participating.