IN RE ESTATE OF GERALD V. ROSE, DECEASED.
RUSSELL A. ROSE, PERSONAL REPRESENTATIVE OF THE
ESTATE OF GERALD V. ROSE, DECEASED, APPELLANT,
v. MARJORIE JANE HETRICK-ROSE, APPELLEE.

730 N.W.2d 391

Filed April 26, 2007.   No. S-06-078.

Wayne E. Boyd, of Boyd Law Office, P.C., for appellant.

Robert W. Green, P.L.C., for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

The fundamental issue before the county court for Dakota County in this probate case was the determination of the size of the augmented estate of Gerald V. Rose which would serve as

the basis for an award of the statutory elective share to his widow, Marjorie Jane Hetrick-Rose. On December 19, 2005, the county court established a family allowance to Marjorie which reduced the size of the augmented estate and determined that two annuity contracts should be included in the augmented estate for purposes of calculating Marjorie's statutory elective share. The county court retained jurisdiction to determine the size of the augmented estate. Russell A. Rose, personal representative of the estate of Gerald V. Rose (the Estate), appeals the county court's ruling regarding the family allowance and the treatment of the two annuities. We dismiss this appeal for lack of jurisdiction.

## STATEMENT OF FACTS

Gerald and Marjorie were married on March 14, 1998. Gerald died on March 9, 2005. Gerald was survived by Marjorie and by his six children. Prior to Gerald's death, he and Marjorie lived in a house that Gerald owned prior to their marriage. Gerald had sold the house but retained a life estate at the time of their marriage. Shortly after Gerald's death, Marjorie was evicted from the house and she moved to another home. Prior to Gerald and Marjorie's marriage, Gerald entered into an agreement to sell a farm. The sale was not completed until shortly after their wedding, and Marjorie signed the deed transferring title of the farm. Gerald used part of the proceeds from the sale of the farm to purchase two annuity contracts. The first was purchased April 3, 1998, in the amount of $45,000, and the second was purchased July 11, 2000, in the amount of $51,811.51. On the date of Gerald's death, the annuity contracts were worth $62,023.67 and $66,044.81. The contracts named Gerald's six children as equal primary beneficiaries. They were not designated as irrevocable beneficiaries, and Marjorie was not named as a beneficiary. Each of the contracts provided that after completion of 1 contract year, up to 10 percent of the annuity purchase value could be withdrawn penalty free in any 12-month period. The remaining amount could be withdrawn subject to a penalty that decreased from 6 percent of the annuity purchase value in the first year to 0 percent in the eighth year and thereafter.

On June 16, 2005, Marjorie filed in county court a petition under Neb. Rev. Stat. § 30-2317 (Reissue 1995) electing to take

her elective share of 50 percent of the augmented estate and an application under Neb. Rev. Stat. §§ 30-2324 and 30-2325 (Reissue 1995) requesting a family allowance as the surviving spouse. The county court held a hearing on November 17, and on December 19, it entered an order relating to Marjorie's requests for the elective share and the family allowance.

In the December 19, 2005, order, the court noted that pursuant to § 30-2325, a personal representative could, without court approval, pay a family allowance "in a lump sum not exceeding nine thousand dollars [$9,000] or periodic installments not exceeding seven hundred fifty dollars [$750] per month for one year." The court determined that $750 per month was a fair amount to pay Marjorie as a family allowance because the amount "would help to meet [her] housing needs." The court ordered the personal representative to pay Marjorie $750 per month during the period of administration but ordered that the allowance could not continue for longer than 1 year. In its December 19 order, the court also found that the annuity contracts were property that fell within the meaning of Neb. Rev. Stat. § 30-2314(a)(1)(i) and (ii) (Reissue 1995) and that therefore the two annuity contracts should be part of the augmented estate for purposes of determining Marjorie's statutory elective share.

In the December 19, 2005, order, the court also stated that it would "retain jurisdiction to make a further determination of the augmented estate." The Estate appeals the December 19 order.

## ASSIGNMENTS OF ERROR

The Estate asserts that the county court erred in (1) establishing a family allowance to Marjorie in the amount of $750 per month and (2) finding that the two annuity contracts should be included in the augmented estate for purposes of determining Marjorie's statutory elective share.

## STANDARD OF REVIEW

■ When a jurisdictional question does not involve a factual dispute, determination of the issue is a matter of law, which requires an appellate court to reach a conclusion independent from that of the trial court. *Susan L. v. Steve L.*, ante p. 24, 729 N.W.2d 35 (2007).

## ANALYSIS

■ Before reaching the legal issues presented for review, it is the power and duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties. *Chase 3000, Inc. v. Nebraska Pub. Serv. Comm., ante* p. 133, 728 N.W.2d 560 (2007). We conclude that the December 19, 2005, order is not a final, appealable order and that therefore this court lacks jurisdiction over this appeal.

■ For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the tribunal from which the appeal is taken. *In re Guardianship of Sophia M.*, 271 Neb. 133, 710 N.W.2d 312 (2006). Under Neb. Rev. Stat. § 25-1902 (Reissue 1995), the three types of final orders which may be reviewed on appeal are (1) an order which affects a substantial right and which determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after judgment is rendered.

■ In considering the meaning of a "substantial right," we have observed that a substantial right is affected if the order affects the subject matter of the litigation, such as diminishing a claim or defense that was available to an appellant prior to the order from which an appeal is taken. *In re Guardianship & Conservatorship of Larson*, 270 Neb. 837, 708 N.W.2d 262 (2006). In the criminal context, we have observed that "a substantial right is not affected when that right can be effectively vindicated in an appeal from the final judgment." *State v. Vela*, 272 Neb. 287, 290, 721 N.W.2d 631, 635 (2006). See, also, *State v. Bjorklund*, 258 Neb. 432, 604 N.W.2d 169 (2000) (stating that no substantial right was affected where ruling raised in premature appeal could be effectively considered in timely appeal taken after final judgment). Relative to an order which determined the action, we have stated that such order is final even though incidental matters are retained where the order "determined all the issues in the action, and nothing was reserved for decision by the court." *Fischer v. Cvitak*, 264 Neb. 667, 670, 652 N.W.2d 274, 276 (2002). We apply these principles to the instant case and

determine that the December 19, 2005, ruling is not a final, appealable order.

With respect to the three types of final orders, we observe as an initial matter that the December 19, 2005, order from which this appeal is taken did not determine an action and prevent a judgment, nor was it made on summary application in an action after judgment was rendered. Thus, we are left to consider whether the order was made during a special proceeding and affected a substantial right. A special proceeding entails civil statutory remedies not encompassed in chapter 25 of the Nebraska Revised Statutes. *In re Estate of Peters*, 259 Neb. 154, 609 N.W.2d 23 (2000). The proceedings in this case were undertaken pursuant to the Nebraska Probate Code, which is contained in chapter 30 of the Nebraska Revised Statutes. Marjorie's application for a family allowance was made under §§ 30-2324 and 30-2325, and her petition for her statutory elective share was made under § 30-2317. This court has found other proceedings under the Nebraska Probate Code to be special proceedings. See, *In re Estate of Peters, supra*; *In re Estate of Seidler*, 241 Neb. 402, 490 N.W.2d 453 (1992); *In re Estate of Snover*, 233 Neb. 198, 443 N.W.2d 894 (1989). We determine that the proceedings in this case to determine the family allowance and the elective share were special proceedings because they involved civil statutory remedies not encompassed in chapter 25.

Because the December 19, 2005, order was made in a special proceeding, we next consider whether the order affected a substantial right as understood in our jurisprudence relative to § 25-1902. We have stated that a substantial right is an essential legal right, not a mere technical right. *In re Estate of Peters, supra*. The requests for a family allowance and an elective share are statutory rights and involve substantial rights. See *In re Estate of Carman*, 213 Neb. 98, 327 N.W.2d 611 (1982). Under the December 19 ruling, the family allowance is an item that reduces the size of the augmented estate and the annuity contracts are items that increase the size of the augmented estate. However, the size of the augmented estate has yet to be finally determined and the county court specifically retained jurisdiction to make this ultimate determination. Because the size of the augmented estate has not been determined and the December 19 ruling is limited

to the treatment of only certain items which will go into the calculation of the augmented estate, we conclude that the rights involved in the substance of the December 19 ruling can be effectively considered in an appeal from the final judgment in which the augmented estate is finally established. Given the facts and our jurisprudence under § 25-1902, the December 19 ruling does not affect substantial rights.

Our cases support the conclusion that various items included in the computation of the augmented estate can be effectively considered on appeal. In this respect, we note that in *In re Estate of Jakopovic*, 261 Neb. 248, 622 N.W.2d 651 (2001), this court considered on appeal issues regarding the family allowance and whether certain assets should be included in the augmented estate. However, unlike the instant case, the county court in *In re Estate of Jakopovic* had made a final determination of the augmented estate and of the elective share, and the court had ordered the estate to pay such share.

We conclude that the items decided in the December 19, 2005, order were preliminary to a complete determination of the size of the augmented estate which was the fundamental issue before the county court and that the December 19 order did not affect a substantial right and was not a final, appealable order. Accordingly, this court lacks jurisdiction over the appeal from this order.

## CONCLUSION

We conclude that because the December 19, 2005, order did not affect a substantial right, it was not a final, appealable order. We therefore lack jurisdiction over this appeal, and we dismiss this appeal.

APPEAL DISMISSED.