783 N.W.2d 1 (2010)
18 Neb. App. 413
In re Estate of Paul G. EVERHART, deceased.
E. Arlene Loveless, appellant,
v.
Charlotte Clark, Personal Representative of the Estate of Paul G. Everhart, appellee.
No. A-09-770.
Court of Appeals of Nebraska.
May 18, 2010.
*3 Ralph E. Peppard, of Peppard Law Office, for appellant.
Lisa M. Line, of Brodkey, Cuddigan, Peebles & Belmont, L.L.P., Omaha, for appellee.
IRWIN, CARLSON, and MOORE, Judges.
IRWIN, Judge.

I. INTRODUCTION
This is an appeal from the estate proceeding of Paul G. Everhart (Paul), deceased. E. Arlene Loveless (Arlene) filed a request for a homestead allowance and a family allowance. In her request, she alleged that she was Paul's surviving spouse. Paul's daughter, Charlotte Clark (Charlotte), was appointed as personal representative of the estate. Charlotte objected to Arlene's request for the statutory allowances on the ground that the marriage between Paul and Arlene was void and Arlene was not a surviving spouse. Charlotte also sought to quiet title to the home where Paul and Arlene had lived prior to Paul's death. Charlotte alleged that a deed granting title of the property to Paul and Arlene as husband and wife was void.
The county court determined that Arlene was not a surviving spouse and was not entitled to statutory allowances. The court also found that the decedent was the sole owner of the real property. Arlene appeals from the court's orders.

II. BACKGROUND
The undisputed facts presented by the record show that Paul and Arlene were first cousins. Paul's father and Arlene's mother were siblings. On June 16, 1991, Paul and Arlene participated in a marriage ceremony. At some point after the marriage ceremony, they adopted a child.
On June 19, 1991, Paul and Arlene signed a deed for a piece of real property located on South 13th Street in Omaha, Nebraska. We do not have evidence of any prior deed to the property. However, the June 19 deed refers to Paul and Arlene both as "grantors" and as "grantees." As such, it appears that Paul and Arlene owned the property prior to the execution of the June 19 deed. Specifically, the deed indicates that "Paul G. Everhart and Arlene Everhart, husband and wife," granted the property to "Paul G. Everhart and Arlene Everhart, husband and wife, as joint tenants and not as tenants in common."
On July 26, 2007, Paul died. In his will, Paul acknowledged his marriage to Arlene; however, he did not provide for her except to grant her a life estate in the South 13th Street property. This is the same property that Paul and Arlene had previously granted to themselves as "joint tenants and not as tenants in common." Paul appointed his daughter, Charlotte, as personal representative of the will.
On September 21, 2007, Charlotte filed an application for the informal probate of Paul's will. Subsequently, Arlene filed a request for a homestead allowance pursuant to Neb.Rev.Stat. § 30-2322 (Reissue 2008) and a family allowance pursuant to Neb.Rev.Stat. § 30-2324 (Reissue 2008). Arlene alleged that she was entitled to the statutory allowances both as a surviving spouse and as the mother of Paul's and Arlene's adopted minor child. However, the issue of whether Arlene is entitled to statutory allowances as the mother of that child is not before us on appeal.
Charlotte objected to Arlene's request for the statutory allowances on the ground that the marriage between Paul and Arlene *4 was void and Arlene was not a surviving spouse. Charlotte also filed a motion to quiet title to the South 13th Street property. Charlotte alleged that the June 19, 1991, deed granting Paul and Arlene a joint tenancy in the property was void because Paul and Arlene were not legally married but in the deed referred to themselves as "husband and wife" and referred to Arlene as "Arlene Everhart."
In an order filed on November 4, 2008, the county court found that the marriage between Paul and Arlene was void and that Arlene was not eligible to receive any of the statutory allowances. The court continued the issue of the title to the South 13th Street property.
In an order filed on July 14, 2009, the county court found that prior to Paul's death, he was the sole owner of the South 13th Street property. The court found that because the marriage between Paul and Arlene was void, "no person existed with the name Arlene Everhart, [and] the name was fictitious at the time the deed was executed." The court concluded that "Arlene Everhart" could not possess an interest in the property.
Arlene appeals from the court's orders here.

III. ASSIGNMENTS OF ERROR
On appeal, Arlene assigns five errors, which we consolidate to two. First, Arlene contends that the court erred in finding that she was not entitled to the homestead allowance or the family allowance because she was not a surviving spouse. Second, she argues that the court erred in finding that the deed to the South 13th Street property did not validly convey a joint tenancy and in finding that Paul was the sole owner of the home prior to his death.

IV. ANALYSIS

1. STANDARD OF REVIEW
When a jurisdictional question does not involve a factual dispute, determination of the issue is a matter of law, which requires an appellate court to reach a conclusion independent from that of the trial court. In re Estate of Potthoff, 273 Neb. 828, 733 N.W.2d 860 (2007).
Absent an equity question, appeals of matters arising under the Nebraska Probate Code, Neb.Rev.Stat. §§ 30-2201 through 30-2902 (Reissue 2008 & Supp.2009), are reviewed for errors appearing on the record. See In re Estate of Hedke, 278 Neb. 727, 775 N.W.2d 13 (2009). When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. In re Estate of Potthoff, supra.
In an appeal of an equity action, an appellate court tries factual questions de novo on the record, reaching a conclusion independent of the findings of the trial court. Christian v. Smith, 276 Neb. 867, 759 N.W.2d 447 (2008).

2. JURISDICTION
Before we consider Arlene's assigned errors, we address the jurisdictional issue raised in Charlotte's appellate brief. Charlotte alleges that this court does not have jurisdiction to review the November 4, 2008, order which declared the marriage between Paul and Arlene void. Charlotte argues that the November 4 order was a final, appealable order and that because Arlene did not file a timely notice of appeal from that order, we do not have jurisdiction to consider Arlene's assigned errors which pertain to that order.
*5 Neb.Rev.Stat. § 25-1912 (Reissue 2008) provides that a notice of appeal from a final order must be filed within 30 days after the entry of such order. If a notice of appeal is not filed within the 30-day time limit, then the appellate court does not have jurisdiction to hear the appeal. See § 25-1912. Here, the order which declared the marriage between Paul and Arlene void was filed on November 4, 2008. Arlene did not file her notice of appeal with this court until August 5, 2009, 9 months after entry of that order. As such, if the November 4, 2008, order was a final, appealable order, then Arlene's notice of appeal was not timely filed and we do not have jurisdiction to review the court's November 4 order.
Under Neb.Rev.Stat. § 25-1902 (Reissue 2008), the three types of final orders which may be reviewed on appeal are (1) an order which affects a substantial right in an action and which in effect determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after a judgment is rendered. Kilgore v. Nebraska Dept. of Health & Human Servs., 277 Neb. 456, 763 N.W.2d 77 (2009). The November 4, 2008, order did not determine an action and prevent a judgment, nor was it made on summary application in an action after judgment was rendered. Accordingly, in order to be final and appealable, the order in this case must have affected a substantial right and been made during a special proceeding. A proceeding under the Nebraska Probate code is a special proceeding. See In re Estate of Potthoff, 273 Neb. 828, 733 N.W.2d 860 (2007). We are, therefore, left to determine whether the order affected a substantial right.
A substantial right is affected if the order affects the subject matter of the litigation, such as diminishing a claim or defense that was available to an appellant prior to the order from which an appeal is taken. Id. A substantial right is not affected when that right can be effectively vindicated in an appeal from the final judgment. Id.
In In re Estate of Rose, 273 Neb. 490, 730 N.W.2d 391 (2007), the Nebraska Supreme Court considered whether a determination by a county court as to a family allowance and the inclusion of certain property in an augmented estate was a final order where the county court retained jurisdiction to determine the size of the augmented estate, which would serve as a basis for an award of a spouse's elective share. The court determined that the county court's order was made during a special proceeding, but that it did not affect a substantial right. Id. The court explained that although the county court's determination as to the family allowance and inclusion of certain property in the augmented estate both decreased and increased the augmented estate, the size of the augmented estate had not yet been determined. Id. The court further explained that the rights affected in the county court's order could be considered in an appeal from the final judgment in which the augmented estate was finally established. Id.
The Nebraska Supreme Court considered this issue more recently in In re Estate of Potthoff, supra. There, the court considered the finality of a county court's order which found that certain real estate owned by the decedent prior to his death was not a part of the probate estate because the decedent's notice of severance of joint tenancy was not effective. Id. The court found that the county court's order completely resolved the separate issue of *6 whether the decedent's interest in the property was part of the probate estate and that there was nothing left to be determined on that issue. Id. The court went on to find that the rights involved in the case could not be effectively considered in an appeal from the final judgment in which the probate estate is finally established because by the time the probate estate is finally settled, the property in question may have been disposed of or the value of the property may have been substantially reduced. Id.
In this case, the November 4, 2008, order found that Arlene was not a surviving spouse because her marriage to Paul was void. The order went on to indicate that a "[h]earing on the underlying Motion to determine title to real estate shall be continued pending the outcome of the issue of whether the decedent's marriage was void." We read this statement to indicate that the county court intended to retain jurisdiction over the issue of the title to the South 13th Street property after it entered its November 4 order declaring Paul and Arlene's marriage to be void. The court's decision concerning the validity of their marriage would have a direct impact on its decision concerning the title to the South 13th Street property. The June 19, 1991, deed granted the property to Paul and Arlene as "husband and wife." If their marriage was not valid, then the validity of the deed would be in question.
We conclude that the November 4, 2008, order did not affect a substantial right. While the order did determine that the marriage between Paul and Arlene was void and did determine that Arlene was not entitled to any statutory allowances as a surviving spouse, it did not address the total effect of the void marriage on the computation of the probate estate. The invalidity of Paul and Arlene's marriage directly impacted the county court's determination concerning the validity of the deed to the South 13th Street property. The county court explicitly reserved this issue for a later hearing. The county court's determination concerning the validity of the marriage could be properly addressed after the court entered an order concerning the title to the property.
The order addressing the title to the property and the total effect of the void marriage on the probate estate was filed on July 14, 2009. Arlene timely appealed from the July 2009 order. We find that we have jurisdiction to address Arlene's assigned errors related to both the November 4, 2008, order and the July 14, 2009, order.

3. VALIDITY OF MARRIAGE
Arlene contends that the county court erred in finding that her marriage to Paul was void and that she was not Paul's surviving spouse. Arlene argues that a marriage cannot be declared void after one of the parties to the marriage dies, that Charlotte lacked standing to challenge the validity of the marriage because she was not a party to the marriage, and that the doctrine of laches precluded Charlotte from questioning the validity of the marriage approximately 16 years after the date of the marriage ceremony. Arlene's assertions have no merit. We affirm the order of the county court finding that the marriage between Paul and Arlene was void and that Arlene is not entitled to any statutory allowances as a surviving spouse.
Neb.Rev.Stat. § 42-103(3) (Reissue 2008) provides that a marriage is void "when the parties are related to each other as parent and child, grandparent and grandchild, brother and sister of half as well as whole blood, first cousins when of whole blood, uncle and niece, and aunt and nephew." The undisputed evidence in our record reveals that Paul and Arlene were *7 first cousins of whole blood because Paul's father and Arlene's mother were siblings. As such, it is clear that their marriage was void.
A void marriage is not valid for any legal purpose. See Christensen v. Christensen, 144 Neb. 763, 14 N.W.2d 613 (1944). See, also, Watts v. Watts, 250 Neb. 38, 43, 547 N.W.2d 466, 470 (1996) ("[i]n Nebraska, we have generally refused to give a void marriage any legal effect"). The marriage is void ab initio by statute, and its invalidity may be maintained in any proceeding in any court between any proper parties whether in the lifetime or after the death of the supposed husband and wife, and whether the question arises directly by petition for an annulment or collaterally in other proceedings. Christensen, supra.
We find that the county court did not err in finding that the marriage between Paul and Arlene was void. The marriage was prohibited by statute and was void from the time of the marriage ceremony. Because the marriage was void, it was proper to challenge the validity of the marriage after Paul's death and during the probate proceedings. Arlene's assertions to the contrary have no merit.

4. TITLE TO REAL PROPERTY
Arlene asserts that the county court erred in finding that the June 19, 1991, deed to the South 13th Street property did not validly convey to Paul and Arlene a joint tenancy and in finding that Paul was the sole owner of the property prior to his death.
The primary rule in construing a deed is to ascertain the intention of the parties from the deed itself, but when such intention is obscure or uncertain, courts may refer to subordinate rules of construction and permissible surrounding circumstances. See Elrod v. Heirs, Devisees, etc., 156 Neb. 269, 55 N.W.2d 673 (1952).
In the June 19, 1991, deed, "Paul G. Everhart and Arlene Everhart, husband and wife," granted the South 13th Street property to "Paul G. Everhart and Arlene Everhart, husband and wife, as joint tenants and not as tenants in common." It is clear that the marriage between Paul and Arlene was void and that they were never "husband and wife." It is also clear that because the marriage was not valid, Arlene's legal name was never "Arlene Everhart."
Despite the confusion caused by the use of the terms "husband and wife" and by the reference to "Arlene Everhart" in the June 19, 1991, deed, we find that the intention of the parties to that deed is clear. Paul and Arlene intended to grant to themselves a joint tenancy with a right of survivorship. Both Paul and Arlene believed at the time of executing the deed that they were husband and wife and that Arlene's legal name was Arlene Everhart. The language in the deed is the result of their mistaken belief. However, this language does not obscure their true intention to grant to themselves a joint tenancy.
Because the intention of Paul and Arlene to convey a joint tenancy is clear from the four corners of the June 19, 1991, deed, we decline to examine other, extrinsic evidence, including Paul's will, in determining ownership of the South 13th Street property. Based on the June 19 deed, we conclude that prior to Paul's death, Paul and Arlene owned the South 13th Street property as joint tenants. As such, when Paul died, Arlene became the sole owner of the property.
We reverse the county court's order which found that the June 19, 1991, deed did not validly convey a joint tenancy to Paul and Arlene and that Paul was the sole owner of the real property at his death.

*8 V. CONCLUSION
We affirm the order of the county court which found that the marriage between Paul and Arlene was void and that Arlene is not entitled to any statutory allowances as a surviving spouse. However, we reverse the county court's order which found that the June 19, 1991, deed did not validly convey a joint tenancy to Paul and Arlene and that Paul was the sole owner of the real property at his death. We conclude that the June 19 deed clearly demonstrated Paul and Arlene's intent to convey a joint tenancy. As such, we find that Arlene is now the sole owner of the South 13th Street property.
AFFIRMED IN PART, AND IN PART REVERSED.