Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/16/2021 09:09 AM CDT

In re Estate of Blain Larson, deceased.
Cindy Svoboda, Personal Representative of the
Estate of Blain Larson, deceased, appellee,
v. Matthew Larson, appellant.

___ N.W.2d ___

Filed January 22, 2021.   No. S-20-340.

1. **Jurisdiction: Appeal and Error.** A jurisdictional question which does
   not involve a factual dispute is determined by an appellate court as a
   matter of law.
2. ____: ____. Before reaching the legal issues presented for review, it is
   the duty of an appellate court to determine whether it has jurisdiction
   over the appeal.
3. **Jurisdiction: Final Orders: Appeal and Error.** For an appellate court
   to acquire jurisdiction of an appeal, there must be a final judgment or
   final order entered by the tribunal from which the appeal is taken.
4. **Final Orders: Words and Phrases.** A substantial right under Neb. Rev.
   Stat. § 25-1902 (Supp. 2019) is an essential legal right.
5. **Final Orders: Appeal and Error.** A substantial right is affected if an
   order affects the subject matter of the litigation, such as diminishing a
   claim or defense that was available to an appellant before the order from
   which an appeal is taken.
6. **Final Orders.** Substantial rights under Neb. Rev. Stat. § 25-1902
   (Supp. 2019) include those legal rights that a party is entitled to enforce
   or defend.
7. **Final Orders: Appeal and Error.** A substantial right is not affected
   when that right can be effectively vindicated in an appeal from the
   final judgment.

Appeal from the County Court for Colfax County: Andrew
R. Lange, Judge. Appeal dismissed.

Jared J. Krejci, of Smith, Johnson, Allen, Connick & Hansen, for appellant.

Jeffery T. Peetz, of Endacott, Peetz & Timmer, P.C., L.L.O., for appellee.

Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Papik, J.

Cindy Svoboda (Cindy), in her capacity as personal representative of the estate of Blain Larson, filed a formal petition for complete settlement of the estate. In her petition, she asked the county court to enter an order approving her final accounting and directing that she distribute assets of the estate in accordance with a proposed schedule of distribution. Blain's son, Matthew Larson, objected to the proposed schedule of distribution, and now he appeals the county court's dismissal of his objection. Because the county court has not ruled on Cindy's petition, however, the phase of the probate proceedings she initiated has not concluded, and Matthew has not appealed from a final order. Consequently, we lack jurisdiction to address Matthew's assigned errors, and we dismiss his appeal.

## BACKGROUND

*Blain's Will and Will Contest*
*Proceedings.*

Blain died on February 19, 2017. Cindy and Matthew were the beneficiaries under Blain's will, which nominated Cindy to serve as his personal representative. In March 2017, Cindy began informal probate proceedings in the county court and was appointed Blain's personal representative. Matthew and his sister attempted to prevent informal probate and to obtain an order that Blain died intestate. They alleged that Blain did not have sufficient mental capacity to sign the will at the time of its execution and that the will was invalid on the grounds of undue influence, fraud, and duress. The matter went to

trial in the district court, and Blain's will was determined to be valid.

*Cindy's Petition to Settle Estate
and Matthew's Objection to
Proposal for Distribution.*

On February 7, 2020, Cindy filed in the county court a "Formal Petition for Complete Settlement After Informal Testate Proceeding." Cindy requested approval of previous distributions, fees and expenses she incurred as personal representative, and her final accounting. She also asked for an order directing distribution of the estate in accordance with the final accounting and a proposed schedule of distribution. Soon afterward, Cindy filed a final accounting.

On March 6, 2020, Matthew filed an objection to the proposal for distribution, citing Neb. Rev. Stat. § 30-24,104(b) (Reissue 2016) of the Nebraska Probate Code. The objection alleged that the schedule of distribution failed to properly apportion inheritance taxes. It further alleged that many of the expenses incurred by Cindy as personal representative were unnecessary and unreasonable and that estate funds should not be used to pay the attorney fees Cindy incurred in defending the will contest.

The county court conducted a hearing on Matthew's objection. At the outset of the hearing, the parties and the county court agreed that dollar amounts pertinent to the final accounting and proposed schedule of distribution were uncertain. The parties suggested that if the county court ruled on the legal issues raised in Matthew's objection, the parties could thereafter reach an agreement as to the appropriate distribution of assets. The parties then submitted evidence and argument concerning Matthew's objection.

*County Court's Order Dismissing
Matthew's Objection.*

On April 7, 2020, the county court entered an order rejecting the arguments made in Matthew's objection. The county

court determined that the attorney fees Cindy incurred as personal representative could be paid from the estate. The county court also determined that Cindy properly paid certain challenged expenses from the estate. As to inheritance taxes, the county court found that

> the inheritance taxes should be paid from the estate and to the extent the residuary estate is unavailable for payment of these expenses, the specific devisees in proportion to the share owned by Cindy . . . and Matthew . . . should be reduced for [valid administration expenses] and inheritance tax.

*Cindy's Supplemental*
*Final Accounting.*

On April 17, 2020, Cindy filed a supplemental final accounting. The document stated that Cindy "accepts opposing counsel's apportionment of administration expenses, funeral expenses, debts, taxes and claims 0.494 to Cindy . . . and 0.506 to Matthew." It set forth a final distribution, with amounts to be paid to both Cindy and Matthew. Our record does not contain any order of the county court approving a final accounting or otherwise ruling on Cindy's petition for complete settlement.

Matthew filed a notice of appeal in which he stated his intention to appeal the county court's April 7, 2020, order dismissing his objection to the proposed schedule of distribution.

## ASSIGNMENTS OF ERROR

Matthew assigns that the county court erred in various respects when it dismissed his objection to Cindy's proposed schedule of distribution in its April 7, 2020, order.

## STANDARD OF REVIEW

[1] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *In re Estate of Adelung*, 306 Neb. 646, 947 N.W.2d 269 (2020).

## ANALYSIS

[2] In his objection to Cindy's proposed schedule of distribution, Matthew argued that Cindy could not use estate funds to pay certain expenses. On appeal, he contends the county court's order rejecting those arguments was erroneous. But before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the appeal. *In re Estate of Abbott-Ochsner*, 299 Neb. 596, 910 N.W.2d 504 (2018). Here, we conclude that we do not.

[3] Under Neb. Rev. Stat. § 25-1911 (Reissue 2016), for an appellate court to acquire jurisdiction of an appeal, there must be a final judgment or final order entered by the tribunal from which the appeal is taken. *In re Interest of A.A. et al.*, 307 Neb. 817, 951 N.W.2d 144 (2020). See, also, Neb. Rev. Stat. § 30-1601 (Cum. Supp. 2018). Our record shows, and the parties agree, that the county court has not entered a final judgment in this case. Thus, our jurisdiction depends on whether Matthew has appealed from a final order.

In probate proceedings, we apply the rubric of Neb. Rev. Stat. § 25-1902 (Supp. 2019) to determine whether an order is final. See *In re Estate of Gsantner*, 288 Neb. 222, 846 N.W.2d 646 (2014). As applied to this case, the relevant question raised by § 25-1902 is whether the order dismissing Matthew's objection was "made during a special proceeding" and "affect[ed] a substantial right." We have repeatedly said that a proceeding under the Nebraska Probate Code is a special proceeding. See, e.g., *In re Estate of Gsantner, supra*; *In re Estate of McKillip*, 284 Neb. 367, 820 N.W.2d 868 (2012); *In re Estate of Potthoff*, 273 Neb. 828, 733 N.W.2d 860 (2007). If Matthew has appealed from an order that affects a substantial right, then, it is a final order and we have jurisdiction to review it.

[4-7] A substantial right under § 25-1902 is an essential legal right. *Western Ethanol Co. v. Midwest Renewable*

*Energy*, 305 Neb. 1, 938 N.W.2d 329 (2020). A substantial right is affected if an order affects the subject matter of the litigation, such as diminishing a claim or defense that was available to an appellant before the order from which an appeal is taken. *Id.* Substantial rights under § 25-1902 include those legal rights that a party is entitled to enforce or defend. *Western Ethanol Co., supra*. A substantial right is not affected when that right can be effectively vindicated in an appeal from the final judgment. *In re Estate of Potthoff, supra*. As one commentator has observed, in the context of multifaceted special proceedings that are designed to administer the affairs of a person, an order that ends a discrete phase of the proceedings affects a substantial right because it finally resolves the issues raised in that phase. See John P. Lenich, *What's So Special About Special Proceedings? Making Sense of Nebraska's Final Order Statute*, 80 Neb. L. Rev. 239 (2001).

Probate matters are an example of such a multifaceted special proceeding. *Id.* Therefore, in deciding whether an order in a probate matter affects a substantial right, we have considered whether the order ended a discrete phase of the proceedings. In *In re Estate of McKillip, supra*, we addressed the finality of an order determining that physical partition of real estate was not possible without great prejudice to the owners and ordering the referee to sell the land at public sale. We concluded that the order was final because the distribution of real estate was a discrete phase of the probate proceedings and would finally resolve the issues in that phase of the probate estate. We observed that postponing review would not serve judicial economy because it would significantly delay distribution of the real estate, thereby delaying completion of the probate of the estate. *Id.* See, also, *In re Estate of Potthoff, supra* (order in proceedings for computation of probate estate final because it completely resolved separate issue of whether deceased's interest in property was part of probate estate and matter could not be effectively considered in appeal from final judgment).

In *In re Estate of Rose*, 273 Neb. 490, 730 N.W.2d 391 (2007), on the other hand, a party sought to appeal an order that did not end a discrete phase of the probate proceedings. In *In re Estate of Rose*, the surviving spouse of the decedent filed a petition in county court electing to take her elective share of 50 percent of the augmented estate and requesting a family allowance. After a hearing, the county court ordered the personal representative to pay the surviving spouse a monthly allowance and found that certain annuity contracts were part of the augmented estate. The county court's order did not, however, finally determine the augmented estate for purposes of calculating the 50-percent elective share. Instead, the order stated that the court would retain jurisdiction to make a further determination of the augmented estate. Before the county court made that further determination, the personal representative appealed.

We found that we lacked appellate jurisdiction in *In re Estate of Rose, supra*. We observed that the county court's award of a family allowance reduced the size of the augmented estate and its finding regarding the annuity contracts increased the size of the augmented estate, but that the overall size of the augmented estate had not yet been determined. We explained that the county court's treatment of items relevant to the calculation of the augmented estate could be effectively considered in an appeal following the final establishment of the augmented estate. Because the determinations made by the county court were merely "preliminary to a complete determination of the size of the augmented estate which was the fundamental issue before the county court," we held they did not affect a substantial right and were not appealable. *Id.* at 495, 730 N.W.2d at 395.

Although our opinion in *In re Estate of Rose* did not use the "discrete phase" terminology we used in *In re Estate of McKillip*, 284 Neb. 367, 820 N.W.2d 868 (2012), we understand the opinions to have applied the same concepts. As these opinions demonstrate, an order ending a discrete phase

of probate proceedings is appealable, but one that is merely preliminary to such an order is not.

Returning to this case, the order Matthew seeks to appeal did not end a discrete phase of the proceedings. Following the will contest proceedings, Cindy administered Blain's estate informally for a time before she initiated independent formal proceedings to close the estate by filing a petition authorized by Neb. Rev. Stat. § 30-24,116 (Reissue 2016). See Neb. Rev. Stat. § 30-2407 (Reissue 2016) (each proceeding before court is independent of any other proceeding involving same estate). Her petition requested an order approving fees and expenses she claimed as personal representative, approving her final accounting, approving distributions previously made, and authorizing and directing her to distribute the estate. Citing § 30-24,104(b), Matthew filed his objection to the schedule of distribution. He raised challenges to Cindy's proposed distribution. Counsel for both parties acknowledged at the subsequent hearing that the evidence presented might be sufficient to address only the legal issues raised by Matthew's objection, and not the amounts that should be included in the final accounting and proposed distribution. After the hearing, the county court entered an order that ruled on those legal issues and dismissed Matthew's objection, but it did not enter an order disposing of Cindy's petition.

The fact that the court did not dispose of Cindy's petition in its order dismissing Matthew's objection became especially apparent when, following that order, Cindy filed a supplemental final accounting. No order of approval or complete settlement by the county court followed, and Matthew appealed.

Statements by counsel for both parties at oral argument also support the conclusion that the phase of the proceedings addressing Cindy's formal petition was not over when Matthew filed his appeal. Counsel for Matthew conceded that the county court's order dismissing his objection gave guidance on issues of law but did not address what each party would receive in "dollars and cents." He contended

that the county court's ruling on the legal issues surrounding inheritance taxes was somewhat unclear and acknowledged that the issue would be clarified by an order approving a final accounting. Similarly, Cindy's counsel suggested that if this court considered the merits of Matthew's legal arguments, the unresolved schedule of distribution is a matter that could be addressed on remand.

As these statements show, the county court's order, much like the order we found unappealable in *In re Estate of Rose*, 273 Neb. 490, 730 N.W.2d 391 (2007), decided only some issues relevant to the phase of the proceedings before the court. That phase would not be completed, however, until the court entered an order disposing of Cindy's petition. Because more remained to be done to end that phase, we conclude that the order did not affect a substantial right and that we therefore lack jurisdiction to consider it. To hold otherwise could invite the very outcomes our final order doctrine is designed to avoid: piecemeal review, chaos in trial procedure, and a succession of appeals granted in the same case to secure advisory opinions to govern further actions of the trial court. See *In re Estate of Abbott-Ochsner*, 299 Neb. 596, 910 N.W.2d 504 (2018).

## CONCLUSION

For reasons we have explained, Matthew has not appealed from a final order. Accordingly, we lack jurisdiction and dismiss his appeal.

APPEAL DISMISSED.

HEAVICAN, C.J., not participating.