Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/02/2022 08:06 AM CDT

In re Appeal of Z.H. From Request of Accommodations
for February 2021 Bar Examination.
Z.H., appellant, v. Nebraska State Bar
Commission, appellee.

___ N.W.2d ___

Filed June 10, 2022.    No. S-21-232.

1. **Jurisdiction: Appeal and Error.** A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law.
2. **Judgments: Appeal and Error.** On questions of law, an appellate court has an obligation to reach its own independent conclusions.
3. **Rules of the Supreme Court: Attorneys at Law: Appeal and Error.** The Nebraska Supreme Court considers the appeal of an applicant from a final ruling of the Nebraska State Bar Commission de novo on the record made at the hearing before the commission.
4. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the appeal.
5. **Rules of the Supreme Court: Attorneys at Law.** The Nebraska Supreme Court is vested with the sole power to admit persons to the practice of law in this state and to fix qualifications for admission to the Nebraska bar.
6. **____: ____.** The Nebraska Supreme Court has delegated administrative responsibility for bar admissions solely to the Nebraska State Bar Commission.
7. **Administrative Law.** An administrative agency has limited power, and its power is to be strictly construed.

Appeal from the Nebraska State Bar Commission. Appeal dismissed.

Z.H., pro se.

Douglas J. Peterson, Attorney General, and James A. Campbell, Solicitor General, for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Per Curiam.

## INTRODUCTION

Z.H. seeks reimbursement from the Nebraska State Bar Commission (Bar Commission) for costs and damages associated with her application for admission to the Nebraska State Bar Association. For the reasons stated herein, we conclude that we lack jurisdiction to hear the appeal and the appeal is dismissed.

## BACKGROUND

Z.H. completed law school in 2000. In July 2019 and February 2020, Z.H. took the Nebraska bar examination, but did not obtain passing scores. In February 2021, Z.H. took and passed the Nebraska bar examination.

Because of a diagnosis of rheumatoid arthritis that limits her mobility, Z.H. applied for and received accommodations of 33 percent more time to complete the bar examination and a separate room in which to take each of her examinations. For the February 2020 examination, Z.H. also received an accommodation to use an adjustable chair to help her manage the stress and pain of sitting and typing for long periods. For the July 2020 examination, Z.H. requested an accommodation to allow her to use speech recognition software to overcome her deteriorating mobility. According to Z.H., that request was denied as untimely filed. As a result of COVID-19 protocols put in place for the July 2020 examination, Z.H. was unable to take that examination or the special September 2020 examination. Z.H. deferred to the February 2021 examination, which was scheduled to be held remotely.

On January 7, 2021, the Bar Commission granted Z.H. the following testing accommodations: extra testing time of

33 percent, as well as a private single examinee room and a chair with adjustable height. The Bar Commission denied Z.H.'s request for the use of the speech recognition software after concluding the software would impact the security of the examination. The commission agreed to provide Z.H. with a scribe who would type Z.H.'s answers from Z.H.'s dictation. The accommodation required Z.H. to conduct the examination in the Bar Commission's office in Lincoln, Nebraska. On February 4, Z.H. requested a review hearing before the Bar Commission, presumably under Neb. Ct. R. § 3-123 (rev. 2020), which allows an applicant to request a hearing regarding an adverse decision of the Bar Commission.

A hearing on Z.H.'s appeal was held on February 12, 2021, at which time Z.H. represented herself. On February 13, the Bar Commission entered an order which provided Z.H. a choice of two options to assist her in taking the examination. "Option I" allowed Z.H. the following:

An additional 33% extra time to complete each of the 3 exam parts. [Z.H.] will be provided an adjustable chair. The exam will be administered in the [Bar] Commission's office located at 3806 Normal Blvd in Lincoln, Nebraska. This will be a private examinee room. A scribe, of the [Bar] Commission's choosing, will transcribe as [Z.H.] dictates for the MPT and MEE. The transcription will be projected to a big screen where [Z.H.] may edit as the content is typed. The second day of the exam will be the MBE which may be taken at a location [Z.H.] designates which may include the [Bar] Commission Office. The MBE exam will be administered -on [Z.H.'s] computer equipment as a secure . . . exam.

[Z.H.] shall provide the [Bar] Commission with a negative COVID-19 test - obtained as close as possible to the exam - and she shall isolate herself as much as possible up to arriving at the [Bar] Commission office to minimize the likelihood of contracting or spreading COVID-19. A mask shall be worn by [Z.H.] throughout

the time in the [Bar] Commission office when others are present. Failure to wear a mask will subject [Z.H.] to the cancellation of the exam.

"Option II" allowed Z.H. the following:

An additional 33% extra time to complete each of the 3 exam parts and an adjustable chair. The exam will be administered in the [Bar] Commission's office located at 3806 Normal Blvd in Lincoln, Nebraska. In the presence of a proctor and/or audio and video equipment that records what is said and what is typed. This will be a private examinee room. [Speech recognition] software may be used to do the transcription for the exam by dictating into a Word document and then transferring the content into the [secure exam software] question fields. The word document may not be saved. [Z.H.] must supply her own computer which has been wiped of all programs and documents with the exception of the [speech recognition software, word processing software, and secure exam software] programs. [Z.H.] must execute an affidavit prepared by the [Bar] Commission attesting to the deletion of all programs with the exception of [speech recognition software, word processing software, and secure exam software], and that the computer has been purged of all bar preparation outlines, practice essays and other related documents. [Z.H.'s] computer will be inspected upon arrival on exam day. [Z.H.] will not be allowed to take the exam if the computer is not cleared of all documents and programs other than the 3 designated programs. If [Z.H.] encounters any problems removing any applications or documents, she must inform the [Bar] Commission staff in advance of the Bar Exam. [Z.H.] will not access the internet at any time during the exam.

The second day of the exam will be the MBE which may be taken at a location [Z.H.] designates -and may include the [Bar] Commission office. The MBE exam

will be administered through [Z.H.'s] computer equipment as a secure . . . exam.

[Z.H.] shall provide the [Bar] Commission with a negative COVID-19 test obtained as close to the exam as possible and she shall isolate herself as much as possible up to arriving at the [Bar] Commission office to minimize the likelihood of contracting and spreading COVID-19. A mask must be worn by [Z.H.] whenever there is someone else in the room with her. Failure to wear a mask will subject the exam to cancellation.

Z.H. chose Option II and sat for the February 2021 examination. According to Z.H., prior to the examination, her computer operated normally with the software necessary to comply with the Bar Commission's order. However, during the examination, Z.H.'s laptop encountered difficulties. Ultimately, Z.H., with the assistance of a proctor, was able to complete the examination in 11½ hours. Z.H. averred that due to the computer difficulties, she experienced extreme mental stress, anxiety, and physical pain.

On March 15, 2021, Z.H. filed a notice of appeal with the Clerk of the Nebraska Supreme Court under Neb. Ct. R. § 3-126(A) and (B) (rev. 2020). In her notice of appeal, Z.H. requested that she have an opportunity to prove damages; that if she failed the examination, the Bar Commission be enjoined from denying the use of speech recognition software for the next examination; and that she be allowed to use speech recognition software without the interruption of other software used by the Bar Commission to monitor her test taking.

On March 17, 2021, Z.H. filed a document labeled "Amendment pursuant to Neb. Ct. R. § 6-1115(a)." Attached to the filing were three affidavits in which Z.H. reiterated the information contained within her initial notice of appeal. On that same date, Z.H. submitted a brief in support of her appeal. In that brief, Z.H. sought an unspecified award of damages and costs for the February 2021 bar examination, assumingly to be paid by the Bar Commission.

On March 31, 2021, a notice was sent to Z.H. by the Bar Commission, informing her that she had successfully passed the February 2021 bar examination.

On April 1, 2021, Z.H. filed a second amended brief requesting damages. That same day, Z.H. filed an affidavit in support of her request for damages. The affidavit set forth expenses for attorney fees and mailing costs totaling $4,825.84; travel costs, lodging costs, and software costs totaling $468.76; and unspecified general damages for violations of 29 U.S.C. § 794(a) and (b) (2018) and 42 U.S.C. §§ 12133 and 12188 (2018). Z.H.'s attorney fees were based upon her expending 63½ hours researching and drafting appeal documents at the rate of $75 per hour.

On May 3, 2021, Z.H. filed a third amended brief. In the third amended brief, Z.H. requested damages to include $5,906.25 in attorney fees and mailing costs and $450,000 in damages for violations of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 et seq. (2018).

After reviewing the briefs filed by Z.H., this court ordered supplemental briefing on the issue of whether this court has jurisdiction to rule upon Z.H.'s request for damages. Both Z.H. and the Bar Commission complied with our order for supplemental briefing.

## ASSIGNMENTS OF ERROR

On appeal, Z.H. assigns that the Bar Commission erred in (1) discriminating against her by reason of her disability, in violation of the ADA and its regulations; (2) failing to provide Z.H. with "'meaningful access'" to the February 2021 bar examination, which "'best ensures'" measurement of Z.H.'s knowledge of the law rather than her inability to type with speed and accuracy under timed testing conditions, in conflict with the ADA and its regulations; (3) requiring Z.H. to test in person by reason of her disability, in conflict with the Supreme Court's remote-only testing order and in conflict with the ADA and its regulations; and (4) disregarding

verification of Z.H.'s worsening disability provided by Z.H.'s qualified medical practitioners of almost 8 years and, instead, requiring "'further documentation'" in the form of additional physical evaluation reports and laboratory testing reports in conflict with the ADA regulations.

## STANDARD OF REVIEW

[1,2] A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law.[1] On questions of law, an appellate court has an obligation to reach its own independent conclusions.[2]

[3] The Nebraska Supreme Court considers the appeal of an applicant from a final ruling of the Bar Commission de novo on the record made at the hearing before the commission.[3]

## ANALYSIS

Z.H. claims that she was discriminated against, in that she was required to take the bar examination in Lincoln while other applicants took the examination remotely. Z.H. also claims that she was subject to additional scrutiny and unfair treatment while seeking accommodations and while taking the bar examination. As a result, Z.H. claims this treatment violated her rights pursuant to the ADA; the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. (2018 and Supp. II 2020); and the Due Process and Equal Protection Clauses of the U.S. Constitution. Z.H. claims she is entitled to reimbursement for hotel costs and other expenses incurred while taking the bar examination in Lincoln and for attorney fees. Z.H. seeks punitive damages and a declaration that her rights were violated.

Under Neb. Ct. R. § 3-115(A) (rev. 2020), it is the policy of the Bar Commission to administer the bar examination

---

[1] *In re Estate of Severson*, 310 Neb. 982, 970 N.W.2d 94 (2022).

[2] *Nebraska Dept. of Health & Human Servs. v. Struss*, 261 Neb. 435, 623 N.W.2d 308 (2001).

[3] *In re Application of Collins*, 288 Neb. 519, 849 N.W.2d 131 (2014).

in a manner that does not discriminate on the basis of disability. Under § 3-115(K), the Bar Commission will grant a request and provide special testing accommodations to an applicant if it finds all of the following: "(1) the applicant has a disability and is otherwise eligible to take the bar examination; (2) the special testing accommodations are necessary to ameliorate the impact of the applicant's disability; and (3) the special testing accommodations are reasonable accommodations."

Section 3-115(B)(3) defines a "reasonable accommodation" as follows:

[A]n adjustment or modification of the standard testing conditions that ameliorates the impact of the applicant's disability without doing any of the following:

(a) Fundamentally altering the nature of the examination or the [Bar] Commission's ability to determine through the bar examination whether the applicant possesses the essential skills, level of achievement, and aptitudes that are among the essential eligibility requirements set forth in § 3-112, that the Nebraska Supreme Court and the [Bar] Commission have determined are required for admission to the practice of law in Nebraska;

(b) Imposing an undue burden on the [Bar] Commission;

(c) Compromising the security of the examination; or

(d) Compromising the integrity, the reliability, or the validity of the examination.

Section 3-115(L) states: "The [Bar] Commission will have sole discretion to determine what special testing accommodations are reasonable accommodations. The [Bar] Commission may provide accommodations different than those requested by the applicant if the [Bar] Commission determines that the accommodations provided will effectively ameliorate the impact of the applicant's disability."

Under § 3-126(A), an applicant is entitled to appeal to the Supreme Court from an adverse decision of the Bar Commission in accordance with § 3-123. Under § 3-126(C),

the Supreme Court may appoint a master to hear arguments of the applicant and the Bar Commission, make findings, and report them to the court with a recommended disposition. Section 3-126(D) states that if no hearing before a master is held, the court shall consider the matter de novo on the record made at the hearing before the Bar Commission.

We have defined an "adverse decision" as "a denial by the Bar Commission of a request for special testing accommodation."[4] In a previous case, we assumed, without deciding, that a request for accommodations can be effectively denied if an applicant's request is substantially granted by the Bar Commission but the Bar Commission places additional conditions on the accommodations that the applicant claims are unacceptable.[5]

[4] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the appeal.[6] Only one other case has come before us on the issue of the denial of accommodations and the award of damages in conjunction with the bar examination.[7]

In *In re Appeal of Stoller*,[8] Asher L. Stoller, an applicant for admission to the Nebraska State Bar Association, appealed the denial of reimbursement from the Bar Commission for costs and damages he allegedly incurred as a result of his application for admission. Stoller had sought double time to complete his examination due to his dyslexia. In considering his request for accommodation, the Bar Commission required Stoller to undergo an evaluation by an expert selected by the Bar Commission. The examination was to be completed at Stoller's expense. Stoller then sought reimbursement for the

---

[4] Neb. Ct. R. § 3-101(B)(2) (rev. 2020).

[5] *In re Appeal of Stoller*, 261 Neb. 150, 622 N.W.2d 878 (2001).

[6] *In re Estate of Larson*, 308 Neb. 240, 953 N.W.2d 535 (2021).

[7] See *In re Appeal of Stoller, supra* note 5.

[8] *Id.*

cost of the examination and attorney fees. Stoller's requests were denied, and Stoller appealed.

On appeal, we appointed a special master to preside over a hearing into Stoller's claims. Though we ultimately dismissed the appeal as untimely filed, we held that "an applicant to the bar who is denied an accommodation for a disability, or who claims that an accommodation offered by the Bar Commission is unsatisfactory, may appeal that determination . . . despite not failing or being denied permission to take the bar examination."[9]

In the instant matter, Z.H.'s claims are similar to those raised by Stoller. However, in *In re Appeal of Stoller*, we did not reach the issue of whether we could award damages in an appeal from the Bar Commission.

The Bar Commission contends that since Z.H.'s request for accommodations was granted, it was not an adverse decision from which she could appeal. The Bar Commission also contends that there is nothing in this court's rules authorizing appeals from denials of requests for special testing accommodations which permits an applicant to recover damages or to raise a statutory or constitutional claim for damages. The Bar Commission further contends that there is nothing in this court's rules governing requests for special testing accommodations which permits the Bar Commission to award damages to the applicant.

For purposes of this appeal, we again assume without deciding that a request for accommodations can be effectively denied within the meaning of § 3-126(A) if an applicant's request is substantially granted by the Bar Commission but the Bar Commission places additional conditions on the accommodations that the applicant claims are unacceptable.

[5,6] In turning to the issue of damages, we note that the Nebraska Supreme Court is vested with the sole power to

---

[9] *Id.* at 156, 622 N.W.2d at 884.

admit persons to the practice of law in this state and to fix qualifications for admission to the Nebraska bar.[10] In turn, we have delegated administrative responsibility for bar admissions solely to the Bar Commission.[11] We have also established specific rules and processes which set forth how the Bar Commission is to carry out its duties and responsibilities.[12]

[7] Our rules do not establish a process for an applicant to seek costs which the applicant may have incurred in taking the bar examination. Further, our rules do not authorize the Bar Commission to award costs incurred by applicants when taking the bar examination. We have held that "[a]n administrative agency . . . has limited power, and its power is to be strictly construed."[13] As such, the Bar Commission is without authority to award damages or costs to Z.H. and failure to do so cannot be error.

Z.H. counters that we have jurisdiction to award her damages and the other relief she seeks under our original jurisdiction as set forth in article V, § 2, of the Nebraska Constitution. However, this case is not an original action, but, rather, an appeal challenging the Bar Commission's order granting Z.H.'s request for special testing accommodations. The prior proceedings before the Bar Commission are set out in the transcript, including the order on appeal setting forth the accommodations. The case is docketed in this court as an appeal. There is no application for a writ to issue from the Supreme Court, which would be the practice if this were an original case, and nowhere except in the argument is there any pretense of invoking the original jurisdictional powers

---

[10] *In re Application of McDonnell*, 299 Neb. 289, 908 N.W.2d 32 (2018). See Neb. Const. art. II, § 1, and art. V, §§ 1 and 25.

[11] See Neb. Ct. R. § 3-102 (rev. 2020).

[12] Neb. Ct. R. § 3-101 et seq (rev. 2020).

[13] *Governor's Policy Research Office v. KN Energy*, 264 Neb. 924, 932, 652 N.W.2d 865, 872 (2002).

of this court. There is no question but that this action invokes the appellate jurisdiction of this court, as distinguished from its original jurisdiction.[14] As such, we too lack jurisdiction to award Z.H. the relief she seeks.

Our lack of jurisdiction to award Z.H. costs, damages, and other relief does not mean that Z.H. is without legal recourse to seek redress from the harms she has alleged. Our ruling merely means that she must seek her relief in another venue.

## CONCLUSION

The remedies Z.H. seeks from the Bar Commission and the Supreme Court are not authorized by statute or court rule. Consequently, this court lacks jurisdiction to address her claims. We therefore dismiss Z.H.'s appeal.

Appeal dismissed.

---

[14] See *State v. Amsberry*, 104 Neb. 273, 178 N.W. 822 (1920).